(125 N. W. 556.)

---

In the Matter of the Estate of Henrietta Schultz, Deceased, William Schultz v. Gottlieb Schultz.

Opinion filed March 8, 1910.

**Wills—Construction—Praetermitted Heir—Intent—Evidence.**

1. Section 5119, Rev. Codes, 1905, provides: "when a testator omits to provide in his will for any of his children or for the issue of any deceased child, unless it appears that such omission was intentional, such child or the issue of such child must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

*Held,* construing such section, that parol testimony is admissable to establish the fact that a child omitted from the will was intentionally thus omitted.

**Wills—Omission of Child—Intent—Presumption.**

2. The fact of an omission by the testator to provide in his will for any of his children, or for the issue of any deceased child, merely raises a prima facie presumption that such issue was unintentionally omitted, and such presumption is rebuttable by evidence extrinsic the will.

Appeal from District Court, Barnes County; *Burke, J.*

Action by William Schultz against Gottlieb Schultz. Judgment for defendant, and plaintiff appeals.

Reversed with directions.

*John Knauf,* for appellant.

Praetermitted heir must show omission to be unintentional. Brown v. Brown, 98 N. W. 718; Gilmer v. Stone, 120 U. S. 586, 30 L. Ed. 734, 7 Sup. Ct. Rep. 689.

Praetermitted heir cannot object to probate of will, his remedy is after probate, by construction. Doane v. Lake, 32 Me. 268, 52 Am. Dec. 654; Schneider v. Koester, 54 Mo. 500; Pearson v. Pearson, 46 Cal. 610.

Testimony dehors the will is admissible to show testator's intent in omitting the child. Lerieux v. Keller, 5 Iowa, 196; Stebbins v. Stebbins, 54 N. W. 159; Loring v. Marsh, 73 U. S. 337, (18 Law Ed. 802); Wilson v. Fosket, 6 Met. 400, 39 Am. Dec. 736; Buckley v. Gerard, 123 Mass. 8; Wilkins et al. v. Allen et al., 13 How. 385, 15 L. Ed. 396; Patch v. White, 117 U. S. 210, 29 L. Ed. 860; Smith v. Smith, 4 Paige 271, 3 L. Ed. 432; Scott v. Neeves, 77 Wis. 305, 45 N. W. 421; Coulam v. Doull, 133, U. S. 216, 10 Sup. Ct. Rep. 253, 33 L. Ed. 596.

*Herman Winterer* and *David S. Ritchie,* for respondent.

Where there is no ambiguity in the will, parol proof of testator's declaration is inadmissable. In re Dominici's Estate, 90 Pac. 448; In re Young's Estate, 55 Pac. 1011; Cowdry v. Cowdry, 67 A. 111; Succession of Quinlan, 43 So. 249; App. v. App. 55 S. E. 672, 106 Va. 253; Shipley v. Mercantile Trust & Deposit Co., 62 A. 814; Wilson v. Bull, 54 A. 629; Reynolds v. Reynolds, 43 S. E. 878; In re Smith, 78 N. Y. S. 130; Turner v. Burr, 104 N. W. 379; Engelthaler v. Engelthaler, 63 N. E. 669; Morrison v. Morrison, 65 Pac. 779; Bower v. Bower, 31 Pac. 598; In re Barker's Estate, 31 Pac. 976; Hill v. Hill, 35 Pac. 360; Stratton's Estate v. Morgan, 44 Pac. 1028; In re Garraud's Estate, 35 Cal. 336; Estate of Stevens, 83 Cal. 322, 23 Pac. 379; Scott v. Scott, 114 N. W. 881.

FISK, J. This is an appeal from the judgment of the district court of Barnes county, and is here for trial de novo of the entire case under the provisions of section 7229, Rev. Codes 1905.

The facts are not in dispute, and are as follows: One Henrietta Schultz, a resident of Barnes county, made her last will and testament in May, 1890. She died in 1892, leaving two sons, William and Gottlieb Schultz, as her sole heirs at law. In due time the will was admitted to probate, and by its provisions deceased left her entire estate to William, no mention being made therein of Gottlieb, either in terms of express disinheritance or otherwise, the will being entirely silent as to him. The testatrix designated the appellant as sole executor of the will, and in due time letters testamentary were issued to him. Notice to creditors was duly given, and on December 5, 1906, such executor filed his final report, praying for an order setting the estate over to himself as sole devisee. Thereupon the county court designated January 7, 1907, as the date for final hearing on such report, and caused notice and citation to issue accordingly. On the date of such hearing respondent filed an answer alleging non-service of the citation for probate of the will; that respondent and appellant were the only children of deceased; that he had been omitted from the will and not mentioned therein, and praying for an equal distribution of the estate between his brother and himself. A reply was made to such answer, and a hearing of the issues had in April, 1907, and a final decree made vesting an undivided one-half interest in said estate in respondent. An appeal was taken to the district court from such decree, where a hearing was had, and parol testimony offered tending to show that respondent was intentionally omitted from participating in the estate under the terms of the will. Such testimony was objected to by respondent's counsel upon the ground that the will speaks for itself, and parol testimony to vary its terms is incompetent. Other objections were made to such testimony, which it is unnecessary to here set forth. Thereafter the district court made findings and conclusions, and ordered judgment to be entered vesting an undivided one-half interest in and to said estate in each of the parties. From such decision William appeals.

The chief contention between the parties is one of law, and involves the interesting question as to whether parol testimony is admissible to prove that a child not mentioned in a will was intentionally omitted by the testatrix. A determination of this question necessitates a construction of the provisions of section 5119, Rev. Codes 1905, which provides: "When any testator omits to provide

in his will for any of his children or for the issue of any deceased child, unless it appears that such omission was intentional, such child or the issue of such child must have the same share in the estate of the testator, as if he had died interstate, and succeeds thereto as provided in the preceding section." This statute was involved in the case of Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276, recently decided by this court, and in disposing of the peition for rehearing we held that the fact that the lawful issue of a testator is omitted from his will merely raises a prima facie presumption that such issue was not intentionally omitted, and that such presumption is rebuttable by extrinsic proof. We there said: "That such facts merely raise a prima facie presumption that he was not intentionally omitted, and that such presumption is rebuttable by evidence extrinsic the will, is well established. In re Atwood's Estate, 14 Utah, 1 45 Pac. 1036, 60 Am. St. Rep. 878; Coulam v. Doull, 133 U. S. 216, 10 Sup. Ct. Rep. 253, 33 L. Ed. 596, and cases cited. These authorities deal with a statute identically the same as our own." We are aware that the authorities are in conflict upon this question, and that it has been definitely determined in some states, under a statute similar to our own, that parol evidence is inadmissible to show that such omission was intentional, and that the question must be determined from the will itself. We are entirely satisfied with the soundness of the rule announced in the foregoing cases, and it would serve no useful purpose to cite the authorities holding to the contrary. They may be found collated in the note to the case of Brown v. Brown, 8 Am. & Eng. Ann. Cas. 637. Applying such rule to the facts in the case at bar necessitates a reversal of the judgment, as the sufficiency of the parol evidence offered to prove that such omission of Gottlieb from the will was intentional on the part of the testatrix is not questioned by respondent, and seems to be undisputed.

The district court is directed to set aside its order and judgment, and to direct the county court to reverse its decision, and to enter a judgment vesting the entire estate in appellant, William Schultz. All concur.