In Re SWENSON ESTATE.

JOHNSON, Appellant, v. SWENSON, et al, Respondents.

(230 N. W. 884.)

(File No. 6976. Opinion filed May 10, 1930.)

*N. B. Bartlett,* of Martin, *H. J. Brown,* of Canton, and *Jones, Matthews & Fitzpatrick,* of Sioux·Falls, for Appellant.

*Bogue & Bogue,* of Parker, for Respondents.

BURCH, J. Nils Peter Swenson died testate November 19, 1926. His heirs at the time of making his will were one son, Nils Oscar Swenson, one daughter, Mary ·Swenson Johnson, and three grandchildren, issue of a deceased son. In his will testator made no provision for his daughter, nor did he mention her in his will. This proceeding was instituted to set aside and distribute to her, as a pretermitted heir, one-third of her father's estate. Application was first made to the county court and denied. On appeal to the circuit court on trial de novo the application was again denied, and it is now before us on appeal from the judgment of the circuit court and order denying a new trial.

There is nothing in the will itself to show that the omission to provide for appellant was intentional, and it is the contention of appellant that no evidence aliunde the will can be received to prove an intentional omission. The learned trial court received evidence aliunde the will, chief of which was a declaration of the testator to the effect that he intentionally omitted his daughter from its provisions because she was then in the home for feeble-minded, a state institution, and could get no use of a provision if he made one and that he preferred to provide directly for her children, which he did, except as to one son whose whereabouts were unknown.

The first and principal question concerns the admission and consideration of any evidence, beyond the four corners of the

will itself, in determining the testator's intention to disinherit his daughter, appellant herein. Appellant contends such evidence is not admissible, while respondents claim that it is. This question has never been decided by this court and is of sufficient importance to merit careful consideration. Section 636, Rev. Code 1919, so far as applicable provides:

"Whenever a testator has a child born after the making of his will, either in his lifetime or after his death, and dies leaving such child unprovided for, by any settlement, and neither provided for nor in any way mentioned in his will, the child succeeds to the same portion of the testator's real and personal property that he would have succeeded to if the testator had died intestate.

"1. When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding paragraph.

"2. (Omitted paragraph.)

"3. If such children, or their descendants, so unprovided for, had an equal proportion of the testator's estate bestowed on them in the testator's lifetime, by way of advancement, they take nothing in virtue of the provisions of the three preceding subdivisions."

The statutes of the several states upon this subject are not all alike, and some are not similar. Decisions in states having substantially different statutes will not be reviewed. There are, however, many states having statutes of substantially the same import, though differing somewhat in wording, and in construing such statutes the decisions have not been entirely harmonious in the several states, though the construction once adopted in a state has generally been consistently adhered to in subsequent decisions of the same state. Two rules prevail; one known as the Massachusetts rule permits evidence aliunde the will to show an intentional omission to provide for a child, or issue of a deceased child, the other, known as the California rule, does not permit such evidence. Some effort has been made to account for the difference in the rules by the difference in the language of the Massachusetts statute and the statute of California, but the reason is not satisfying. The only difference affecting this precise question is that where the Massachusetts

statute says "unless it shall appear that such omission was intentional, and not occasioned by any mistake or accident." (R. S. 1836, c. 62, § 21 [now, in substance, G. L. c. 191, § 20, as amended Acts 1925, c. 155, § 1]) the California statute says "unless it appears that such omission was intentional" (omitting the words "and not occasioned by any mistake or accident"). Stats. 1850, p. 178, § 17; Civ. Code, 1872, § 1307 (now Civ. Code § 1307, as amended St. 1905, p. 606, § 6). We can see no substantial difference in the words to affect the rules of evidence.

▉▉ The privilege of disposing of property by will is purely statutory, and a will, to be effective in transferring property, must be executed and published in the manner and with the formalities required by the statute. In re Taylor's Estate, 39 S. D. 608-611, 165 N. W. 1079; Mager v. Grima, 8 How. (49 U. S.) 493, 12 L. Ed. 1168-1170; U. S. v. Fox, 94 U. S. 315, 24 L. Ed. 192; U. S. v. Perkins, 163 U. S. 627, 16 S. Ct. 1073, 41 L. Ed. 287, 288; Magoun v. Ill. Trust & Sav. Bank, 170 U. S. 283, 18 S. Ct. 594, 42 L. Ed. 1037-1041; Hitchler's Will, 25 Misc. Rep. 365, 55 N. Y. S. 642; Abercrombie's Will, 24 App. Div. 407, 48 N. Y. S. 414; Arneson's Will, 128 Wis. 112, 107 N. W. 21; In re Noyes' Estate, 40 Mont. 178, 105 P. 1013.

Our Code provides:

"No will or revocation is valid unless executed either according to the provisions of this chapter or according to the law of the place in which it was made, or in which the testator was at the time domiciled." Section 618, Rev. Code 1919.

We are not here construing a will defective in form or substance. It is in due form and is plain and explicit in its terms. The only construction required is a determination of the amount of property conveyed by the will, and that does not depend upon the terms of the will, but upon the statute affecting it. By its terms all of the testator's property is conveyed to the persons therein named. If there were not a pretermitted heir, there could be no question as to its effect. Nor, as it stands, can there be any question as to its effect, when section 636 of our Code is construed in reference to the rights of pretermitted heirs. The question of primary importance is the meaning to be given to the statute, and not the meaning to be given to the will. When the meaning of the statute is known the meaning of the will is plain.

 Appellant's rights are based on the statutes of succession, not on the will. Pearson v. Pearson, 46 Cal. 609. Her rights, if she has any, depend on the absence of a will disposing of her share as an heir in her father's estate. There is no presumption that there is such a will, and if one exists it must appear affirmatively. When she proved her heirship, the death of her father, and that he left an estate, she made out a prima facie case, and any evidence necessary to establish her prima facie case cannot be open to the objection that it is dehors the will, since no will is involved. Respondents have produced a will of her father which, by its terms, purports to dispose of all his estate. But, since she is not mentioned in the will, her rights are not affected thereby under the provisions of section 636, Rev. Code 1919, "unless it appears that such omission was intentional." How shall this appear? Appellant says by the will and not otherwise. Respondents say by any competent evidence within or without the will. Respondents introduced evidence aliunde the will. The burden of proof was on respondents, since, in the absence of proof, it must be presumed that the failure to provide for appellant in the will was unintentional. Loring v. Marsh, 6 Wall. 337, 18 L. Ed. 802; Ramsdill v. Wentworth, 106 Mass. 320; Whitby v. Motz, 125 Minn. 40, 145 N. W. 623, 51 L. R. A. (N. S.) 645; 18 C. J. 841, § 71. If we adopt the Massachusetts rule, respondents' evidence was admissible. It was not admissible if we adopt the California rule. On this question our statute is the same as that of California. Appellant claims it was taken from that state after it had been construed by its highest court in the case of Estate of Garraud, 35 Cal. 336, holding extrinsic evidence inadmissible, and that by adopting the statute it must be presumed that the Legislature intended to adopt it with the construction then placed upon it by the highest court of the state. Respondents deny that our statute was taken from California, but in this we think they are wrong. Not only the order of the several sections of our Code relating to wills and the language used, with very few exceptions, correspond to the California Code upon the same subject, but the preface to the Revised Codes of Dakota Territory of 1877 purports to give the origin and history of the several Codes, and it is there said that the Civil Code (of which section 636 is a part):

"Had its origin in the uncompleted labors of a commission

appointed by the State of New York. * * * It was then taken by a commission in California in 1872, and revised and amended, and was enacted as the law of that state in 1873, and has now been again revised, enlarged and re-enacted by Dakota as it appears herein."

Section 636 first came into our law when the Revised Codes of 1877 were adopted. Prior to the adoption of our present statute we had a distinctly different provision concerning pretermitted heirs. It then read:

"When any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, and it shall appear that such omission was not intentional, but was made by mistake or accident, such child or the issue of such child, shall have the same share in the estate of the testator as if he had died intestate, to be assigned as provided in the preceding section." Chapter 90, § 27, Laws of Dakota 1862, page 489.

This appears to be quite different than our present statute. The burden of proof was then upon the omitted child, or grandchild, to show that the omission was not intentional. An intentional omission was presumed in the absence of proof to the contrary. To prove an unintentional omission made by mistake or accident necessarily required evidence aliunde the will. But this early statute was not like the Massachusetts statute, which is so worded as to throw the presumption and burden of proof as in our present statute. There was a material change when our present statute was adopted putting us in line with both Massachusetts and California which have statutes substantially alike in meaning in regard to the rights of pretermitted children or grandchildren. In our view the rule of evidence in the two states differs, not because of a difference in language, but because of a difference in interpretation of the statutes.

Are we at liberty to consider both rules and to adopt the one that seems to us to be supported by the better reason and greater weight of authority? Appellant argues that we are bound to the California rule because we adopted the previously construed statute of that state. It is said in 36 Cyc. 1154:

"Where the legislature enacts a provision taken from the statute of another state or country, in which the language of the act has received a settled construction, it is presumed to have intended

that such provision should be understood and applied in accordance with that construction. This rule of construction, however, while recognized by all the courts, is subject to a number of limitations. The construction placed upon the statute by courts of the state from which it was adopted is regarded as persuasive, and indeed as entitled to very great weight, with the courts of the adopting state, but not as conclusive, and it will not be applied where it will be inconsistent with the constitution of the adopting state, or contrary to the spirit and policy of its laws, or is regarded as unsound in principle and against the weight of authority."

We know of no reason why either rule would be unconstitutional or contrary to the public policy of this state. For that reason the California rule is considered first as applicable to this state, unless found to be unsound. The construction placed upon the statute prior to its adoption in this state is found in Estate of Garraud, 35 Cal. 336, decided in 1868. Therein it was held that evidence aliunde the will was inadmissible. The court considered the case of Wilson, Executor, v. Fosket, 6 Metc. 400, 39 Am. Dec. 736, an early pronouncement of the Massachusetts rule, and said:

"The Massachusetts staute differs very materially from ours, and the concluding clause is as follows, to wit: 'Unless it shall appear that such omission was intentional, and not occasioned by any mistake or accident.' The last part of the clause is not found in our Act, and we think is the key to the decision in Wilson v. Fosket. It opens the door for proof on the question whether or not the omission resulted from mistake or accident.

"It could not well appear from the will itself that a mistake had been committed, nor that accident had caused the testator to omit his children. Hence, when the statute provides for proof on these subjects, it is necessarily implied that evidence *dehors* the will would be admissible."

This does not seem a good reason for the distinction. It is not necessary for the will to show that a child was omitted by mistake or accident. That is presumed. Any statement in the will that would show an "intentional" omission under the California statute would be equally effective to show that the omission was "intentional and not occasioned by any mistake or accident" under the Massachusetts statute.

In Estate of Stevens, 83 Cal. 322, 23 P. 379, 381, 17 Am. St. Rep. 252, decided in 1890, the California court said:

"It does seem to be illogical to declare that the intent of the testator must be declared in the will, and still that you cannot show any fact or declaration consistent with and supporting that intent. But this court in April, 1868 (see Matter of Estate of Garraud, 35 Cal. 339), held that such declarations were inadmissible under a statute then in existence, substantially the same, in fact, almost identical in words, with the one in operation when the will involved in this case was executed.

"The precise question made here has not arisen in this state since the case of Garraud's Estate was decided. * * *

"The decision of this court in Garraud's Case has stood too long without challenge to be overruled without very strong reasons. It is sustained by very powerful reasoning in the able opinion of Justice Crockett. We think it our duty to follow it, and, in accordance with the rule there declared, we must hold that the court below did not err in excluding the offered declarations of the testator."

The enforcement of strict rules in exclusion of evidence often hampers rather than aids in the administration of justice. No doubt there are times when such rules prevent fraud. But courts are generally able to discern the false and the true. It is not easy to establish a spurious claim where all evidence concerning the matter may be freely received. The requirement that wills (except nuncupative) shall be in writing and executed with precise formality would seem to be sufficient without requiring the testator, not only to declare his will as to the disposition of his property, but to negative his intention to make any other disposition. As to children or grandchildren born after the making of a will there is another reason for guarding their rights, and the statute expressly provides they shall not be excluded unless an intent to exclude them is expressed in the will. But that is because they cannot ordinarily be in the mind of the testator at the time of making his will. Those in being at the time usually are in the mind of the testator, if he has full testamentary capacity. To guard against an unintentional omission to provide for a child or grand child the statute supplies a presumption that an omission is unintentional. There is nothing to indicate that the statute is designed to restrict the power of a

testator to disinherit his children, if he desires to do so. It is designed to leave the power unhampered and to guard against an unintentional disinheritance. In those states requiring either by express statute or construction by the court that the will affirmatively show an intention to omit a child, many questions arise as to when a will does and when it does not show an intentional omission. For example, where a testator named in his will two of seven grandchildren and their father, it was held sufficient to show the others were not omitted through forgetfulness, Merrill v. Sanborn, 2 N. H. 499, while naming the mother and brothers and sisters of an omitted grandchild, where the testator's family is very large and all who would take in case of intestacy except such grandchild received legacies, was held insufficient to show an intentional omission. Tucker v. Boston, 18 Pick. 162. In the instant case two children of the omitted daughter were provided for, and it might be held that that showed an intentional omission of the daughter and a substitution of her children in her place, but that would not be as convincing as it now is with the added proof of her mental state and confinement in the home for the feeble-minded. We cannot take the space to review the many cases supporting the Massachusetts rule. It is supported by numerical strength, and also we think by the better reason. The Supreme Court of the United States in Coulam v. Doull, 133 U. S. 216, 10 S. Ct. 253, 254, 33 L. Ed. 596, discussed the two rules and applied the Massachusetts rule to a statute of Utah containing the words "unless it shall appear that such omission was intentional," and it was held that the intention to omit a child need not necessarily be gathered from the will alone, but that extrinsic evidence is admissible to prove it. The case reviews many decisions, the history of the cases and the reasoning, mentions that there is no substantial difference in the meaning of the statutes of California and Massachusetts in this regard, and criticizes the attempted distinction in the Garraud Case. Our sister state, North Dakota, in Schultz v. Schultz, 19 N. D. 688, 125 N. W. 555, under a statute identical with ours on this point, has followed the majority rule that evidence aliunde the will is admissible to show an intentional omission to provide for a child in a will. Being free at this time to adopt the rule that seems to us the better and safer practice, we hold that the court did not err in admitting extrinsic evidence to show an intentional omission by

the testator to provide in his will for appellant. Such evidence does not dispute but confirms the expressed will of the testator. There is no uncertainty in the will. The uncertainty arises in the policy of the law to doubt the ability of the testator to express his will because of inadvertence or forgetfulness. Evidence showing that there was no forgetfulness or mistake belongs to that same general class as evidence of testatmentary capacity.

Finding no error in the record, the judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY and CAMPBELL, JJ., concur. SHERWOOD, J., concurs in the result.