DILKS v. CARSON.

No. 32040. April 2, 1946.

Rehearing Denied May 14, 1946.

*168 P. 2d 1020.*

Steele & Boatman, of Okmulgee, for plaintiff in error.

Claude F. Cooper, of Blytheville, Ark., and Q. D. Gibbs, John M. Milner, and D. F. Rainey, all of Okmulgee, for defendant in error.

HURST, V. C. J. Plaintiff, Maude Alma Dilks Carson, sued defendant, Oma Dilks, personally and as executrix of the last will and testament of Tom Dilks, deceased, to recover a one-half interest in testator's estate. She alleged that she was the daughter of Tom Dilks; that he unintentionally omitted to make provision for her in his will; and that she was entitled to the same share of his estate that she would have taken had he died intestate. Upon trial, judgment was rendered for plaintiff, and defendant appeals.

The record discloses that Tom Dilks and plaintiff's mother, Lackey Manis, were married in 1897. Shortly after the birth of plaintiff in 1902, Dilks and his wife separated and did not live together thereafter. In 1911, Dilks and defendant were married and lived together from that date until his death in 1941. During this time they adopted a son and a daughter and acquired the property here in controversy. In 1940, the testator executed the will in question leaving all of his property to defendant. Paragraph 2 of the will reads:

"I hereby declare that I have no child nor children except William Dilks and Gladys Dilks now living with me who are my children by adoption, and I hereby give, devise and bequeath to each of my said children by adoption, namely, William Dilks and Gladys Dilks the sum of $1.00, and I do hereby exclude any and all other persons claiming to be my child by adoption or otherwise from this my last Will and Testament".

84 O. S. 1941 § 132 provides:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share

in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

The question, therefore, is whether it appears that testator's omission to provide for plaintiff was intentional. We are committed to the rule that such an intention must appear within the four corners of the will and that in the absence of uncertainty arising on the face thereof extrinsic evidence and attendant circumstances may not be considered in determining whether such an intention existed. Spaniard v. Tantom, 131 Okla. 75, 267 P. 623. If, however, the will is uncertain in this respect, the testator's intention may be ascertained by interpreting his words in the light of the attendant circumstances. In the case of Spaniard v. Tantom, above, we pointed out that this was so by virtue of 84 O. S. 1941 § 152, which provides:

"In case of uncertainty, arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations."

It is plain that testator's intention to exclude plaintiff from his will, if existing, must be found in his declaration that he had "no child or children except" his adopted son and daughter, and in his statement that he excluded from his will "any and all other persons claiming to be my child by adoption or otherwise". In view of the statute and decision referred to above, two questions arise:

(1) Do such statements, when considered with the other provisions of the will, sufficiently indicate that the omission to provide for plaintiff was intentional?

(2) Do such statements give rise to an uncertainty as to the application of the provisions of the will so that the circumstances under which the will was made may be considered in determining their meaning?

Plaintiff urges that, since she was born while testator and plaintiff's moth-

er were living together in lawful wedlock, she is conclusively presumed to be legitimate and that testator could not have referred to her when he excluded from his will "all other persons claiming to be my child by adoption or otherwise". But, the question is not whether plaintiff was actually the child of testator, but whether he denied her paternity and intended to exclude her when he used such words.

The California courts, under a statute almost identical with 84 O. S. 1941 § 132, have twice held that statements very similar to those made by the testator in this case were sufficient, of themselves, to indicate that an omission to provide for a child was intentional. In re Minear Estate, 180 Cal. 239, 180 P. 535; In re Lombard's Estate, 16 Cal. A. 2d 526, 60 P. 2d 1000 (hearing denied by Supreme Court). In the first case the testator declared "I am a single man, I have never been married," and provided that "if there should be any other or others than the ones that I have named in my will above that claim to be my lawful heirs and can and do prove that they are to each of them I will $5.00 five dollars if there be any such." He further provided that any person contesting the will should receive only the sum of one dollar. In the second case the testator's words were "I declare that I am a widower, and that I have no children or grandchildren" and that "I have, except as otherwise in this will specified, intentionally and with full knowledge omitted to provide for my heirs living at the time of my demise". In both of these cases the court held that the statements evidenced an intention to exclude persons proved to be children of the testator.

In view of these decisions we might well hold that testator's intention to disinherit plaintiff appears sufficiently from the face of the will. We prefer, however, to place our decision upon the ground that the statements of testator, whether indicating such an intention or not, when standing alone, at least give rise to such an uncertainty as will permit us to interpret them in the light of the circumstances under which they were made, as provided in section 132, above.

At the trial the court received the following evidence pertaining to oral declarations of the testator: (1) The attorney who drew the will testified that testator stated to him that he desired to exclude plaintiff from his will but that testator did not wish to mention her by name, because if he did so "it might be interpreted that he recognized her as his daughter". (2) Defendant testified that testator told her that he had but one child, a son, who had died in infancy; that testator received a letter from plaintiff in 1920, and that at testator's request, she (defendant) wrote to plaintiff stating that testator was not her father, but that if plaintiff desired he would tell her who her father was; and that about a year or two later testator received another letter from plaintiff stating that she had received no reply to her first letter, and that defendant, at testator's request, also answered this letter, stating therein that testator was not plaintiff's father. Plaintiff admitted writing the letter in 1920 but denied that she received an answer. (3) A half brother of plaintiff's mother testified that he talked to testator in 1925 and that testator stated that he had heard that plaintiff was dead.

The statement to the attorney, being a direct expression of testator's intention concerning his will, was inadmissible. Courtney v. Daniel, 124 Okla. 46, 253 P. 990; Riley v. Collier, 111 Okla. 130, 238 P. 491; In re Shepard's Estate, 180 Okla. 91, 67 P. 2d 954. See, also, Page on Wills, Lifetime Edition, p. 663, § 1625. As to the other declarations there is some doubt. It will be observed that these statements were not direct expressions of intention, but were merely declarations which revealed testator's attitude toward plaintiff, and thus indirectly shed light upon the meaning of the words used in his will. Some courts hold such declarations admissible. See note 94 A. L. R. 280; Page on Wills, p. 668, § 1625 (Lifetime Edi-

tion). However, we need not decide this question now, since we are of the opinion that after excluding all of such declarations, sufficient circumstances remain to plainly reveal testator's intention.

These circumstances may be summarized as follows: That testator and Lackey Manis were separated shortly after plaintiff's birth; that plaintiff did not see testator after she was five years old; that she never received any communication from him; that although he discussed his deceased son with them, he never mentioned to his brother or his sister in law that he had a daughter; that testator was aware of the fact that plaintiff claimed to be his child, since he received a letter from her to that effect written in 1920; that all of testator's property was accumulated by the joint industry of testator and defendant, after their marriage; that defendant was the owner of an undivided one-half interest in the homestead; and that the appraised value of testator's estate was but $4,111. Another pertinent circumstance, appearing upon the face of the will, is that testator left only one dollar to each of his two adopted children.

Interpreting testator's language in the light of these circumstances, we think it plain, (1) that by his statement that he had no child nor children except his adopted son and daughter testator intended to deny the paternity of plaintiff, and (2) that he referred to plaintiff when he stated that he excluded from his will "any and all other persons claiming to be my child by adoption or otherwise." Manifestly, it was the intention of testator to leave his entire estate to his wife to the exclusion both of his admitted children and those whose paternity he denied, whether such latter persons should ultimately be proved to be his children or not.

It follows that the trial court's interpretation of the will was erroneous and that the case must be reversed.

In view of our decision the other assignments of error need not be con-

sidered, and we do not pass upon the right of the plaintiff to attack the final decree by this original action filed in the superior court.

Reversed, with directions to enter judgment for defendant.

GIBSON, C. J., and RILEY, OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.