In the Matter of the ESTATE of John Larson GLOMSET, Sr., Deceased.

Margie V. GLOMSET, Executrix of the Estate of John Larson Glomset, Sr., Deceased, Appellant,

v.

Carolyn Gay GHAN, Appellee.

No. 47321.

Supreme Court of Oklahoma.

March 16, 1976.

John N. Goodman, Leslie L. Conner, Jr., of Conner, Little & Conner, Oklahoma City, for appellant.

Douglas Loudenback, Oklahoma City, for appellee.

BARNES, Justice.

On the 16th day of October, 1972, the deceased, John Larson Glomset, Sr., and the Appellant, Margie V. Glomset, made and signed joint and reciprocal wills leaving each other all of the other's property in case of death of the other, except in the case of a common disaster, in which instance the whole of the estate was to go to John Larson Glomset, Jr., the son of the deceased.

The deceased's 40-year-old daughter, Carolyn Gay Ghan, was not named in the will. On the 15th day of October, 1973, John Larson Glomset, Sr., died, and on the 17th day of October, 1973, his will was filed for probate. On the 9th day of November the will was admitted to probate, but the question of whether Appellee, Carolyn Gay Ghan, was a pretermitted heir was reserved. On February 7, 1974, a hearing was held, in which Appellee's motion for a declaratory judgment that Appellee was a pretermitted heir, as defined by Title 84 O.S. § 132, and entitled to share in her father's estate, was sustained. The Trial Court found:

"The Court finds, from a complete reading of the will, that the Contestant was omitted therefrom, and that said will provides for her in no manner whatsoever. The Court finds that a complete reading of the will discloses no intent to intentionally not provide for said Contestant. No intention to disinherit Contestant affirmatively appears from the four corners of the will. The Court, therefore, finds that Contestant was unintentionally omitted from deceased's said will, and is, therefore, entitled to have the same share in the estate of the decedent as if decedent had died intestate, all as provided in 84 O.S. § 132."

Appellant questions whether this issue can be determined in a summary judgment proceeding, and, if so, Appellant further

disputes the Trial Court's finding that Appellee is a pretermitted heir under the provisions of 84 O.S. § 132.

Title 84 O.S. § 132 provides as follows:
"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child *unless it appears that such omission was intentional*, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided for in preceding section." (Emphasis added)

There was no dispute concerning the fact that Appellee was a daughter of the deceased. The only question for our determination is whether or not deceased's omission of Appellee appears to have been intentional.

■ We must first determine if the intent of the deceased must be determined from the will itself, or if extrinsic evidence is admissible. If extrinsic evidence is not admissible, then there is no question of fact still to be determined, and in that event, since there is only a question of law to be determined, a summary judgment by the Trial Court was proper. In deciding if extrinsic evidence is admissible, we must determine whether or not an intention to disinherit Appellee affirmatively appeared from the four corners of the will. We have previously held that if there are no uncertainties appearing on the face of the will, extrinsic evidence is not admissible. See *O'Neill v. Cox*, 270 P.2d 663 (Okl.1954), and *Dilks v. Carson*, 197 Okl. 128, 168 P.2d 1020 (1946).

■ There are no uncertainties on the face of the will in this case. The testator admittedly failed to mention his daughter, Appellee Carolyn Gay Ghan, and also failed to indicate any reason for his failure to mention her.

Thus, if we are to follow previous decisions of this Court interpreting 84 O.S. § 132, such as *In re Daniels' Estate*, 401 P.2d 493 (Okl.1965), then we must find that Appellee is a pretermitted heir and entitled to inherit her proportionate share of her deceased father's estate.

Appellant has failed to set forth a compelling reason why the interpretation of 84 O.S. § 132 should be changed at this time to permit introduction of extrinsic evidence to show intent of the testator where no ambiguity appears on the face of the will.

The writ of certiorari petitioned for is granted, the decision of the Court of Appeals is vacated, and the judgment of the Trial Court is affirmed.

WILLIAMS, C. J., and BERRY, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., DAVISON and IRWIN, JJ., and BLISS, Special Justice, dissent.

The Honorable C. F. BLISS, Jr., was assigned to act as a Special Justice in this case instead of the Honorable ROBERT E. LAVENDER, who disqualified.

HODGES, Vice Chief Justice (dissenting).

The majority opinion holds the will is unambiguous on its face and, therefore, extrinsic evidence is inadmissible to determine the intention of the testator. I believe this perpetuates a misinterpretation of the applicable statute, 84 O.S.1971, § 132.[1]

It is generally recognized that pretermitted heir statutes are not intended to limit a testator's power to dispose of his property by will, or to require him to bestow any part of his estate on any child

1. 84 O.S.1971 § 132 provides:
   When any testator omits to provide in his will for any of his children, or for the issue of any deceased child *unless it appears that such omission was intentional*, such child, or

   the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section. (Emphasis Supplied)

or descendant. The purpose of the statute is to protect such heirs against omission due to *unintentional* oversight, forgetfulness or mistake. Two broad general classifications of such statutes are recognized: (1) The "Massachusetts-type" statutes, which are usually considered to emphasize the intention of the testator as the material factor in determining whether a child or descendant is disinherited; and (2) "Missouri-type" statutes which omit reference to intention and provide for a total or partial revocation of the will if a child is not named or provided for therein.[2]

Our statute, a "Massachusetts-type" statute, was adopted from the Dakotas. Under comparable statutes providing an omitted child or issue of a deceased child should be entitled to a portion of the testator's estate, "unless it appears that such omission was intentional," the courts of North and South Dakota and the majority of jurisdictions, with the exception of California and Oklahoma, have consistently held since 1868, that extrinsic evidence was admissible to prove that the testator intended to disinherit an omitted child.[3] The pretermitted heir statute raises the presumption that children are not intentionally omitted from a will. However, the presumption is rebuttable by extrinsic evidence and parol testimony.[4]

The purpose and legislative intent of the statute is to protect children unintentionally omitted from the will. It is not to be construed to alter the testamentary intent of the testator by including children he intentionally excluded from his estate.

I would therefore overrule all cases in conflict with the traditional interpretation of the pretermitted heir statute.

Assuming arguendo, the majority view is correct, I further believe the will is ambiguous on its face, and that the testator's intention to disinherit appears from the will itself. The statute which guides our interpretation of intention, 84 O.S.1971 § 152[5] permits introduction of extrinsic evidence to show the circumstances under which the will was executed.

This court in *In Re Adams' Estate,* 203 Okl. 377, 222 P.2d 366 (1950) held that the question of the intention to omit may be drawn from inference of the language as well as the face of the will, and that the drawing of such inference is not only within the power of the court, but is the duty of the court. The court held at page 369:

"In determining whether the omission of a child is intentional or not, no set form of words, indicating testator's intention to omit such child, is requisite. The will is to be taken as a whole; and if it appears from the entire instrument that testator intended to omit such child, the statute does not apply. * * *

"It is not necessary that testator should name his child, or even refer, in terms, to the fact that it is his child."

Extrinsic evidence should have been admissible because by omitting the daughter

---

2. See 88 A.L.R.2d 616, 623.

3. See *Loring v. Marsh,* 6 Wall. 337, 18 L.Ed. 802 (1868); *Hedderich v. Hedderich,* 18 N.D. 488, 123 N.W. 276 (1909); *Schultz v. Schultz,* 19 N.D. 688, 125 N.W. 555 (1910); *Lowery v. Hawker,* 22 N.D. 318, 133 N.W. 918 (1911); *Re Baur's Estate,* 79 N.D. 113, 54 N.W.2d 891 (1952); *Re Swenson's Estate,* 57 S.D. 90, 230 N.W. 884 (1930).

4. *In Re Estate of Blank,* 219 N.W.2d 815 (N.D.1974).

5. 84 O.S.1971 § 152 provides:
   In case of uncertainty, arising upon the face of a will, as to the application of any of its provisions, the testator's intention

is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations.
The syllabus of *Dilks v. Carson,* 197 Okl. 128, 168 P.2d 1020 (1946) holds:
   "Where the language of a will gives rise to an uncertainty as to whether a testator intentionally omitted to provide for a child or the issue of deceased child, the intention of the testator may be ascertained by interpreting such language in the light of the circumstances under which the will was made, excluding the oral declarations of testator."

from the will she thereby is entitled to her statutory share, while the son who was mentioned in the will receives nothing. Thus on the face of the will an uncertainty is created and extrinsic evidence should be allowed. This extrinsic evidence which was offered, but rejected by the trial court, definitely shows the testator intentionally omitted the daughter. She would not visit her father or even allow her child to visit him. They had not seen each other for some time because of their strained relationship.

I believe a construction which permits a child not mentioned in the will to participate in the distribution of the estate while the other child who is mentioned and designated the contingent beneficiary takes nothing, is a tortured interpretation of the will and the Oklahoma Statutes regarding testamentary intent,[6] and reaches a result totally unintended and uncontemplated by the testator or the statute.

The cause should be remanded to the trial court for determination of the factual question of whether the omission of the daughter was intentional.

I, therefore, respectfully dissent.

6. 84 O.S.1971 § 151 provides:
   A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible.