## O'NEILL v. COX.

No. 35972.

Supreme Court of Oklahoma.

April 27, 1954.

Rehearing Denied May 18, 1954.

Breck Moss, George Miller, Oklahoma City, for plaintiff in error.

Pierce, Mock & Duncan, Oklahoma City, for defendant in error.

Gable, Gotwals & Hays, Tulsa, for appellant.

Marvin T. Johnson, Tulsa, for appellee.

O'NEAL, Justice.

From a judgment of the District Court of Tulsa County, Oklahoma, approving and confirming the final decree of the County Court of said county, In the Matter of the Estate of William Rademacher, deceased, the contestant appeals.

Contestant, Lester O'Neill, will be referred to as the appellant and Nellie Cox, executrix, and the sole devisee under the will of Mary Rademacher, deceased, as appellee.

The last will and testament of William Rademacher contains the following statement: "I hereby state and declare that I have no children and have never had any children."

During the pendency of the administration of the estate of William Rademacher, the appellant, Lester O'Neill, filed his petition and amended petition in which he alleged that the statement in the will to the effect that William Rademacher has no children and never had any children is untrue, incorrect and was made in error as to the true facts.

Appellant alleges the fact to be that he is the legal son of William Rademacher and Nina K. Moore Rademacher, born of said wedlock on November 10, 1903, in the city of St. Louis, Missouri; that the testator William Rademacher did not intentionally omit to provide for him in said will, but that the testator, through an oversight, had forgotten that appellant was his son. Upon these allegations appellant prayed that the court determine and decree that he is a pretermitted child under Title 84 O.S. 1951 § 132, and as an heir that he be decreed to receive one-half interest in the estate of his father, William Rademacher.

The appellee, Nellie Cox, filed her response to appellant's petitions in which she alleged that Mary Rademacher, deceased, was the sole devisee under the will of William Rademacher, deceased, and that thereafter and on March 6, 1951, Mary Rademacher died, and that as the surviving wife

and sole devisee she inherited the entire estate of her deceased husband.

It was further alleged that William Rademacher intentionally omitted from his last will and testament any devise to Lester O'Neill, whether the said Lester O'Neill was or was not his son, and, furthermore, that the will disclosed a clear intent to devise all of decedent's property to his wife, Mary Rademacher, now deceased, and that Nellie Cox is the sole devisee of the property under the will of Mary Rademacher, deceased.

From the decree of the County Court denying appellant the relief sought, he perfected his appeal to the District Court. The latter court entered its decree affirming the order and judgment of the County Court from which judgment appellant appeals.

Appellant seeks a reversal upon two grounds, to-wit:

(1) Lester O'Neill being a legitimate child of the deceased, there exists a presumption which has not been overcome that he was not intentionally omitted from deceased's will; and (2) there was no intentional omission of Lester O'Neill in the will of Dr. William Rademacher and he is entitled to inherit as a pretermitted child under 84 O.S.1951 § 132.

Appellant, in his behalf, testified that he was born November 10, 1903 in the city of St. Louis, Missouri, to deceased, William Rademacher, and his first wife Nina K. Moore Rademacher; that a few days after his birth his parents separated and were divorced in the year 1905. His father married the second time and was subsequently divorced. In 1912 his father married his third wife, Mary Rademacher. William Rademacher died June 14, 1950, leaving his widow, Mary Rademacher, the sole devisee and legatee according to the terms of his will; that Mary, the widow, died in March, 1951, leaving Nellie Cox, her sister, her sole devisee and legatee under her will; that appellant lived with his paternal grandparents from 1902 until 1920, and thereafter he lived with his mother and his stepfather in the State of California. He recalls having seen his father on one occasion when he made a visit to his grandparents' farm. He never communicated with his father or received any support from him. A sister of deceased testified in substance that Lester O'Neill was the child born to deceased and his first wife, and substantially corroborated the foregoing testimony of the appellant.

The trial court made findings of facts which, among others, included the following:

"In the case that we have, we find first: The statement of Rademacher 'I hereby state and declare that I have no children and have never had any children.' I find from the evidence in the case that that is probably an incorrect statement, the child having been born to the former wife of his during the time the marriage existed. We also find from the evidence in the case that, while perhaps he never openly denied the parentage of that child, he never had any use for it or love for it; never did anything for the child perhaps ever in its lifetime. Apparently, the bare mention of the child was distasteful to him. He wanted to get the child entirely out of his mind. So, if we are going to consider this feeling towards the child, certainly I feel justified in saying that he intentionally omitted him from his will. We find more in his will, that is, that the bare statement that 'I have no children and have never had any children.' We find that he gave all of his property to his second wife (third wife) who was living at the time he made the will. Not only did he give it all to her but he went further and appointed her Executrix and authorized and empowered her to dispose of the entire estate. Furthermore, there is evidence that he did not want, by any chance, the probability that it would go to this child or his further possible legal heirs. He says in his will, 'In the event of the death of his wife, Mary Rademacher,' before his death, he wants all of this property to go to her sister, Nellie Cox. He makes Nellie Cox executrix in case Mary Rademacher does not

survive him. He doesn't stop there. In case of her death, then I want all of my property to go to the first Presbyterian Church of Tulsa. Then he makes the Chairman of the Board of Trustees of the First Presbyterian Church of Tulsa the alternate executor. In other words, I cannot think of any more that the man could possibly have done to see to it that his son, under any circumstances, would get any benefit from his estate except that he did not, in so many words, say 'I don't want my children, by name, to have any part of my estate.' Taking the will as a whole, it must be apparent that he had that intention. * * *"

■ We find support in the record to sustain each of the foregoing findings. Furthermore, we concur in the court's conclusion of law that there was a clear intent of the testator to omit appellant as a beneficiary under his will. We are of the view, and so hold, that the statement contained in the will of the testator that "I hereby state and declare that I have no children and have never had any children" when construed in connection with the disposition of his estate in the event that his wife predeceased him, that then his entire estate should go to Nellie Cox, his wife's sister, and in the event of Nellie Cox's death his estate should go to the First Presbyterian Church of Tulsa, Oklahoma, indicates a definite intent on the part of the testator to omit Lester O'Neill, the appellant, as a beneficiary under the will.

Title 84 O.S.1951 § 132, provides:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

■ Whether the testator's omission to provide for appellant was intentional or otherwise must be determined from the four corners of the will and that in the absence of uncertainty arising on the face thereof extrinsic evidence and attendant circumstances may not be considered in determining whether such an intention existed. Clements v. Moore, 205 Okl. 387, 238 P.2d 297; Spaniard v. Tantom, 131 Okl. 75, 267 P. 623.

In the case of Dilks v. Carson, 197 Okl. 128, 168 P.2d 1020, 1021, we construed Section 132 of Title 84 O.S.1951, under a state of facts substantially as presented here. The will in the cited case provided "I hereby declare that I have no child nor children except William Dilks and Gladys Dilks." The undisputed evidence discloses that the testator and his first wife separated shortly after the birth of plaintiff in 1902, and that the testator had not seen plaintiff after the year 1907, and further that plaintiff never received any communication from him. Testator married at a later date and left his entire estate to his widow, excluding plaintiff as a devisee. In that case we limited our consideration to the will itself and held it sufficiently disclosed testator's intention to omit the plaintiff as a beneficiary under his will.

In re Adams' Estate (Adams v. Adams), 203 Okl. 377, 222 P.2d 366, 367, we held that the intention of the testator must be ascertained from the four corners of the will. We there said:

"Where a husband and wife execute a joint and mutual will whereby there is devised to the survivor in fee simple the entire estate of the one dying first, and providing that upon death of the survivor all of said property then on hand and the then existing proceeds of any that had been disposed of is devised in fee simple to a son whose designation is followed by the words 'who has nursed J. A. Adams for a number of years' (J. A. Adams being the husband testator), and also names another son as executor for whom no provision is made in the will and there were living other children neither provided for nor mentioned, held, the intent to disinherit the children other than the one named as devisee affirmatively appears upon the face of the will by inference."

We conclude that the will of William Rademacher, deceased, indicates a definite

intention of the testator to, first, devise all of his estate to Mary, his wife, for her own use absolutely and forever. The basis of the devise is that "I have no children and have never had any children", and, second, that if his wife died first, or in the event it becomes impossible to determine which of them died first, then all of his estate is to go to Nellie Cox, his wife's sister, and, third, in the event his wife or his wife's sister does not survive him, then all of his estate is to go to the First Presbyterian Church of Tulsa, Oklahoma.

In our view of the case these provisions indicate that it was the intention of the testator to omit appellant as a beneficiary under his will.

The judgment of the trial court is therefore affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON and WILLIAMS, JJ., concur.

HALLEY, C. J., and ARNOLD and BLACKBIRD, JJ., dissents.