650 P.2d 854 (1982)
In the Matter of the ESTATE OF Zola Mae SEVERNS, Deceased.
Annabelle CHRISTIAN, Peggy Cloud and Velma Lafaver, Appellants,
v.
Brenda Joan SEVERNS and Marsha Lynn Severns, By and Through their Parent and Next Friend, Donna Severns COLEMAN, Appellees and Cross Appellants.
No. 53622.
Supreme Court of Oklahoma.
May 18, 1982.
Rehearing Denied September 20, 1982.
James P. Garrett, Mangum, for appellants.
G.L. Jidge Verity of Bay, Hamilton, Lees, Spears & Verity, Oklahoma City, for appellees and cross appellants.
*855 HARGRAVE, Justice.
Zola Mae Severns died on the 11th day of February, 1974. At the time of her death she owned the proceeds of a life insurance policy worth about $4,000 and a one-third interest in 160 acres of land in Kiowa County having a value of $30,000.00. The other two-thirds were owned by her sisters. Zola Mae had one child, Jack Severns, and he predeceased her in 1913. Jack Severns was survived by his two daughters, Brenda Joan Severns and Marsha Severns. Velma LaFavor and Annabelle Christian are the sisters of Zola Mae Severns and Peggy Cloud is the daughter of Annabelle.
After the death of Zola Mae her sister and guardian filed a petition for letters of administration, offering as a holographic will a letter written by the decedent from inside the Oklahoma State Penitentiary. In that petition her sister represented she, her sister and daughter were the sole heirs of Zola Mae Severns. An inventory was filed which failed to include the interest in real property and thus summary probate procedure was proper as the assets of the estate comprised only the $4,000 in insurance proceeds. Summary proceedings were allowed.
Appellants, mother, sister and niece of testator, offered the 1965 letter for probate as a holographic will. Appellees, grandchildren, commenced an action more than a year later to set aside this will on grounds of fraud, alleging lack of notice. Appellants resisted the action to set aside the will and offered a 1961 and a 1967 letter purporting to leave testator's entire estate to them as holographic codicils. That pleading led to appellees' dismissal of the action to set aside the 1965 letter so that testator would then be partially intestate resulting in a substantial inheritance to appellees. In connection with this step, appellees resisted the attempt to introduce the 1961 and 1967 codicils by demurrer alleging the statute of limitations as untimely contests of the prior holographic instrument, the 1965 letter.
The trial court sustained the demurrer and the Court of Appeals, Division I, affirmed and remanded. On remand, the trial court found appellees not to be pretermitted heirs entitled to the whole estate, but additionally found that certain real property not mentioned in the document passed to appellees by intestate succession. Thereupon appellants brought this appeal and it was assigned to the Court of Appeals, Division II. That tribunal reversed and remanded, directing the trial court to consider the letters (rejected by the sister appellate court) as evidence of intent to pass all the property to appellants. Appellees' writ of certiorari has previously been granted.
The action of Division II of the Court of Appeals in this case, # 53,622, directs the trial court to consider the two letters which the Court of Appeals Division I ruled not admissible as an untimely attack on the 1965 document admitted as a holographic will in Cause # 50,709. These two letters speak to all of the decedent's property, as noted in the unpublished opinion in # 50,709: "... and should anything happen *856 to me, I want you to have all, everything," "I want Ann to have everything that is mine." The opinion in # 53,622 states "we assume that in so holding both courts meant the 1961 and 1967 wills were not subject to probate only as to anything that would constitute a contest or be in conflict with the 1965 will, but they could be probated to dispose of any property it did not mention." Such an attempt to remove the opinion in the case on certiorari from conflict with the earlier appeal is unavailing. The will admitted to probate in the trial court gave property to a party not receiving property in the other two letters which dispose of all the testator's property. It is apparent the two later-offered letters conflict with that admitted to probate and this fact seals the second Court of Appeals opinion into unalterable conflict with the earlier Court of Appeals opinion on both the facts and law. First, the Division II opinion orders the Trial Court to give testamentary effect to documents the Trial Court and Division I of the appellate court refused to admit to probate. Secondly, the opinion directs documents to be considered which conflict on the fact of the identity of the beneficiaries, impermissible under 58 O.S. 1981 §§ 61 and 67, and In re Estate of Redwine, 445 P.2d 275, 277 (Okl. 1968). Determinations made on a prior appeal of the cause are res judicata of the issues decided therein. Rush v. Champlin Ref. Co., 357 P.2d 984 (1961). The decision of the appellate court on an issue of law becomes the law of the case once the decision is final and unreversed, in all subsequent stages. Berland's, Inc. of Tulsa v. North Side Village Shopping Center, Inc., 447 P.2d 768 (1968). As early as 1915 it was succinctly stated that NO question expressly decided or impliedly determined on a former appeal can be reversed on a second appeal between the same parties in regard to the same subject matter. Wellsville Oil Co. v. Miller, 48 Okl. 386, 150 P. 186, Affirmed 37 S.Ct. 362, 243 U.S. 6, 61 L.Ed. 559 (1915). This line of authority has been widely recognized as a necessity to insure an end to litigation. Without such a precept appeals after remand by the appellate courts would consume inordinate amounts of judicial scrutiny over ground previously covered. Indeed, the very finality of judgments themselves, as recognized in the doctrine of res judicata would be threatened, and the parties to the litigation could find purposeful delay commonplace. The rule occupies a salutory position in appellate law when applied to the Supreme Court of this state as noted in the cited opinions, and where the power of the appellate tribunal is exercised by an intermediate court of the state without the governance of the law of the case doctrine it is even more compelling. The remedy available from an erroneous decision in such instance is the sole remedy of writ of certiorari, as apparent from a cursory reading of the Rules of Practice and Procedure in the Court of Appeals and on certiorari to that court, Rule 3.1, as follows:
"Each division of the Court of Appeals shall have power to determine or otherwise dispose of any case assigned to it by the Supreme Court, and its decision in the case, when final, shall be neither appealable to the Supreme Court nor be subject to re-examination by another division of the Court of Appeals.

This action was submitted on certiorari for review upon the original briefs. The preceding discussion disposes of all but one point of error raised by the cross-appellants and that is the trial court's finding that the two children of decedent's only child were not pretermitted heirs made in the final decree. The two children of the predeceased only child of the testator are not mentioned by name or class in the document admitted as the will and testament of decedent. This fact renders the recent case of In re Crump's Estate v. Freeman directly on point in the resolution of the issue proposed as error in this action. In In re Crump's Estate v. Freeman, 614 P.2d 1096 (Okla. 1980), the Oklahoma pretermitted heir statute, 84 O.S. 1981 § 132 was applied in a cause dealing with the daughter of a deceased son of the testator under a set of circumstances analogous to the cause at bar. The case notes in the third paragraph this Court has consistently interpreted 84 *857 O.S. § 132 since 1928 to the effect that intentional omission to provide for the testator's issue must appear clearly within the four corners of the testamentary document itself, citing cases spanning the period of time from Weaver v. Laub, 574 P.2d 609 (Okl. 1978) to Spaniard v. Tantom, 131 Okl. 75, 267 P. 623 (1928). At p. 1097 of the opinion in Re Crump's Estate, supra, appears language explaining the precise dispositive law applicable here. The contestant was omitted from the will completely and there was no mention of her (or the heirs in this action) by name or class. The will contains no language manifesting the omission as an intentional act. There, as here, the opposing party argued that a complete disposition to the designated beneficiaries shows decedent's omission of the grandchildren was intentional. The case states, however, that disposition of the entire estate does not alone evince an intent to omit a child or deceased child's issue, for the intent to disinherit must appear upon the face of the will in strong and convincing language. The last paragraph of the opinion in Crump's Estate states that given the above facts, the intentional omission to provide for the party not appearing within the four corners of the testamentary document, extrinsic evidence was inadmissible because evidence of intentional omission may not be supplied by extra-testamentary evidence of intended exclusion where the will is silent on the point.
The precepts discussed in Crump's Estate v. Freeman, supra, are controlling here, and necessitate the reversal of that portion of the final decree which determines that Brenda Joan Severns and Marshal Lynn Severns are not pretermitted heirs entitled to the protection of 84 O.S. 1981 § 132. The judgment of the trial court is therefore ordered reversed in part as noted, while the balance of the decree is affirmed, including that portion of the decree finding the 1961 and 1967 letters inadmissible for any purpose. The decision of the Court of Appeals, Division II is vacated in its entirety and the cause is remanded to the trial court for proceedings necessary to conform the judgment to the views expressed herein.
OPINION OF THE COURT OF APPEALS, DIVISION II IS VACATED; JUDGMENT OF THE TRIAL COURT IS REVERSED IN PART, AFFIRMED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
All Justices concur except HODGES, J., who dissents.
HODGES, Justice, dissenting:
I would affirm the trial court.