In the Matter of the ESTATE OF Leo Willard HESTER a/k/a Leo Hester a/k/a Leo W. Hester, Deceased.

Stephen Lynn HESTER, Appellant,

v.

Rosie B. WILSON and Betty J. Wright, Co-Executrixes, Appellees.

No. 57654.

Supreme Court of Oklahoma.

Oct. 4, 1983.

As Amended Nov. 7, 1983.

Rehearing Denied Nov. 11, 1983.

Thomas Neil Lynn, III, Bay, Hamilton, Lees, Spears & Verity, Oklahoma City, for appellant.

John W. Maile, Blevins & York, Oklahoma City, for appellees.

DOOLIN, Justice:

Certiorari was granted in this case under Rule 3.13(A)(4), 12 O.S. 1981, Ch. 15, App. 3.

In *O'Neill v. Cox*, 270 P.2d 663 (Okl.1954), we held that the phrase "I hereby state and declare that I have no children and have never had any children," found in a will, sufficiently expressed the testator's intention to disinherit his child. In the instant case the testator included in his will the words, "I declare that I am not married and that I have no children."

The preterminated heir statute, 84 O.S. 1981, § 132, provides:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate...."

By the terms of the statute it must "appear" that the testator intended to leave his child nothing. It is well established that the intent to omit to provide for the child

must appear within the four corners of the will and extrinsic evidence of intent is inadmissible unless ambiguities appear on the face of the will. *Estate of Severns,* 650 P.2d 854 (Okl.1982); *Crump's Estate v. Freeman,* 614 P.2d 1096 (Okl.1980); *Estate of Glomset,* 547 P.2d 951 (Okl.1976). There are no ambiguities or uncertainties appearing on the face of this will. The testator states that he has no children, and devises his entire estate to his brothers and sisters per capita.

■ It is not disputed that the appellant is the son of the testator. The only issue, then, is whether the false statement that the testator has no children, combined with a complete disposition of testator's property to his siblings, constitutes the appearance of intention to omit to provide for the child.

We hold that it does.

The executrixes of the testator's estate argue that *O'Neill v. Cox,* 270 P.2d 663 (Okl.1954) is controlling. The appellant contends that *O'Neill* is bad law and should be overruled. The Court of Appeals held for the executrixes. One judge was of the opinion that *O'Neill* was controlling, another thought that the testator at least had the right to rely on *O'Neill,* and one judge dissented, expressing the view that the language of the will did not show a sufficient intention to omit. See 54 OBJ 803.

We find that *O'Neill* is not controlling because the court in *O'Neill* placed great emphasis on extrinsic evidence that the testator therein did not like his son. We disapprove of using extrinsic evidence when the will is not ambiguous. The result in *O'Neill,* however, was correct.

Cases are legion holding that the prime purpose in construing a will is to arrive at and give effect to the intention of the testator. See *e.g., In re Estate of Bovaird,* 645 P.2d 500 (Okl.1982); *Miller v. First National Bank & Trust Co.,* 637 P.2d 75 (Okl.1981); *Bridgeford v. Estate of C.E. Chamberlin,* 573 P.2d 694 (Okl.1977).

A person can express the intention to omit to provide for his children in many ways. He may expressly state that the named child is to receive nothing. He may provide that a child who claims to be pretermitted shall receive only a nominal amount. See *e.g., Bridgeford v. Estate of C.E. Chamberlin,* supra. He may name the child, but leave nothing to him. See *e.g., Pease v. Whitlatch,* 397 P.2d 894 (Okl.1964). He may declare that any child claiming to be a pretermitted heir shall take nothing. See *e.g., Dilks v. Carson,* 197 Okl. 128, 168 P.2d 1020 (1946). We have also held that the intention to disinherit children can appear on the face of a will within which no mention of the children has been made either by name or class. *In Re Adams' Estate,* 203 Okl. 377, 222 P.2d 366 (1950).

While *In Re Adams' Estate,* supra, appears to be plainly inconsistent with more recent pronouncements, see *Estate of Glomset,* 547 P.2d 951, 954 (Okl.1976), we need not reach so far to decide this case. In *Matter of Estate of Severns,* 650 P.2d 854 (Okl.1982), we held that two grandchildren of the testator were entitled to take under 84 O.S. 1981, § 132 because they were "not mentioned by name or class." *Id.* at 856. In the instant case, by contrast, the testator mentioned his son by class, stating that he had no children. While the statement was false, the intention to exclude "children" from taking any part of his estate was clear.

■ We hold that a specific denial of the existence of members of a class to which the claimant belongs, coupled with a complete disposition of the estate by will, evinces a definite intent that all members of the named class are intentionally omitted from the provisions of the testator's will.

DECISION OF COURT OF APPEALS VACATED; DECISION OF TRIAL COURT AFFIRMED.

IRWIN, HODGES, HARGRAVE and WILSON, JJ., concur.

BARNES, C.J., SIMMS, V.C.J., and LAVENDER and OPALA, JJ., dissent.