2000 OK 22

**Ali MEHDIPOUR, Appellee/Counter–Appellant,**

v.

**Kenneth HOLLAND, Appellant/Counter–Appellee.**

No. 92,034.

Supreme Court of Oklahoma.

April 4, 2000.

Rehearing Denied May 30, 2000.

Ali Mehdipour appears in person and by counsel, Lauren LeBlanc Day, Oklahoma City, Oklahoma, for Appellee/Counter–Appellant.

James E. Howard, Oklahoma City, Oklahoma, for Appellant/Counter–Appellee.

HODGES, J.

¶ 1 This is a suit for specific performance of a real estate purchase contract and the fair rental value of the property during the time possession was wrongfully withheld. The primary issue in this appeal is whether the Court of Civil Appeals failed to follow the law of the case from a previous appeal. This Court holds that it did. The opinion is vacated and the cause is remanded to the trial court with directions.

¶ 2 Kenneth Holland (Seller) deals in automobile salvage and scrap metal. Ali Mehdipour (Buyer) is a mechanic. Buyer and his brother purchased automobile parts from Seller and sold him salvage vehicles for scrap.

¶ 3 In August, 1993, both Buyer and Seller were bidders at a real estate auction in Oklahoma City. Buyer was high bidder on tract 6 at $7,000.00. The auctioneer then offered a group of three tracts which included tract 6. Seller was high bidder on the three tracts at $36,000.00. Seller offered to sell Buyer tract 6 for $7,000.00. Buyer and Seller executed a written contract. It provided that Buyer would pay Seller $700.00 as ten percent down on tract 6 and that Seller would convey tract 6 to Buyer when he completed his purchase of the group of three tracts from the auction seller. Buyer tendered a check to Seller for $700.00. Seller completed his purchase of the three auction tracts. Seller then attempted to rescind the agreement to sell tract 6 to Buyer. When Seller returned Buyer's check, Buyer returned it with a demand letter. When the demand did not avail him, Buyer brought this action for specific performance.

¶ 4 Seller represented himself until summary judgment was entered against him. Seller moved for a new trial asserting for the first time that he had been adjudicated incompetent and placed under guardianship [1] in 1984, making the contract void. The trial court denied Seller's motion for new trial.

Seller appealed from both the order denying a new trial and the summary judgment which ordered specific performance.

PRIOR APPEAL

¶ 5 In an unpublished opinion, Division 2 of the Court of Civil Appeals applied title 15, section 24 of the Oklahoma Statutes which provides:

> After his incapacity has been judicially determined, a person of unsound mind can make no conveyance or other contract, nor designate any power, nor waive any right, until his restoration to capacity is judicially determined. But if actually restored to capacity, he may make a will, though his restoration is not thus determined.

It reversed the grant of summary judgment to Buyer and remanded the case to the trial court. The trial court was directed to make the factual findings necessary to apply an exception to section 24 found in *Nichols v. Clement Mortgage Co.*, 112 Okla. 155, 241 P. 167 (1925). Based on *Nichols*, Division 2 held that "[w]here an adjudication of incompetency and guardianship is raised, the burden shifts to the party seeking to avoid the statutory rule to affirmatively show abandonment of the guardianship or that the party dealt in good faith with the adjudicated incompetent without notice of actual guardianship." (emphasis added) Although Buyer sought, and was denied, certiorari review of other issues in the appeal, Seller never challenged the legal test to be applied on remand by way of a petition for certiorari.

¶ 6 On remand, following a trial to the bench, the trial court determined that Buyer had not established that Seller's guardianship had been abandoned. Buyer did establish, however, that he had "dealt in good faith with the adjudicated incompetent without notice of the actual guardianship." The trial court then granted specific performance noting that the formulation of the *Nichols* exception provided by Division 2 had become

---

1. Evidence would later be presented on remand that Seller: (1) is president of the car salvage business he operates, (2) lists himself with the County Clerk as the sole proprietor of "Pick-A-Part," (3) holds a driver's license and operates a car on a daily basis, (4) frequently travels to Mexico where he conducts business, and (5) handles money and operates a computer. Further, no guardianship plan has been filed, no guardianship tax returns have been filed and the only guardianship reports were filed in 1986, at the time of another lawsuit.

the law of the case. Under that formulation, Buyer had only to establish abandonment of the guardianship or that he dealt in good faith with no notice. The trial court refused, however, to award Buyer the fair rental value of the property during which possession was wrongfully withheld from him.

## CURRENT APPEAL

¶ 7 Seller appealed the grant of specific performance again. Buyer counter-appealed the trial court's refusal to award fair rental value. The case was assigned to the Court of Civil Appeals, Division 3. That court reversed the trial court's grant of specific performance stating: "We agree with [Seller] that this court's prior opinion erroneously used 'or' in the statement of the *Nichols* exception." Division 3 held that the "or" in the prior opinion should have been "and". It concluded that the "mistaken statement of the exception" was not the law of the case. Because Buyer had not established that Seller's guardianship had been abandoned, the contract was held to be void and the grant of specific performance was reversed. This holding made Buyer's claim for fair rental value of the property moot. Buyer petitioned for certiorari review which this Court granted.

## LAW OF THE CASE

¶ 8 "The decision of the appellate court on an issue of law becomes the law of the case, once the decision is final and unreversed, in all subsequent stages." *In re Estate of Severns*, 650 P.2d 854, 856 (Okla.1982) (citation omitted). "When an issue has been presented to the Court of [Civil] Appeals, and a decision reached on that issue, the first determination becomes conclusive and cannot be re-examined once it is final. The sole remedy available from an erroneous decision of that Court is the writ of certiorari." *McMinn v. City of Oklahoma City*, 1997 OK 154, 952 P.2d 517, 524–525 (citation omitted). As rule 1.171 of the Rules of the Supreme Court provides:

2. This Court expressed no opinion as to which version of the *Nichols* exception is correct. Neither unpublished opinion provides any precedent

Each division of the Court of Civil Appeals shall have power to determine or otherwise dispose of any case assigned to it by the Supreme Court, and its decision in the case, when final, shall be neither appealable to the Supreme Court nor be subject to reexamination by another division of the Court of Civil Appeals.

Okla. Stat. tit. 12, ch. 15, app. (Supp.1997).

¶ 9 Seller's only avenue of challenge to the holding was by writ of certiorari to this Court. Because Seller failed to do so, he may not challenge the holding in this appeal. The legal test pronounced in the first appeal became the law of the case when mandate issued to the trial court. The Court of Civil Appeals was not free to re-write or modify that holding in a subsequent appeal. The holding may not be dismissed as a typographical error. Once the holding became the law of the case it was to be applied in subsequent proceedings, not "corrected." [2] The opinion of the Court of Civil Appeals in this second appeal is therefore vacated.

¶ 10 Buyer satisfied the legal test pronounced in the first appeal by demonstrating to the trial court that he dealt fairly with no notice of Seller's guardianship. The judgment of the trial court on the issue of specific performance is affirmed.

## FAIR RENTAL VALUE OF THE PROPERTY

¶ 11 Buyer sought the fair rental value of the property during the time he was denied possession. He presented undisputed evidence that the fair rental value of the property was between $350 and $550 per month. The trial court declined to allow rental value because Buyer "hasn't been out any money." That, however, is not the standard to be applied to Buyer's request.

¶ 12 Section 62 of title 23 of the Oklahoma Statutes provides:

The detriment caused by the wrongful occupation of real property ... is deemed to be the value of the use of the property for the time of such occupation, not ex-

beyond the law of this case. *See* Okla. Stat. tit. 12, ch.15, app., Rule 1.200(b)(5) (Supp.1997).

ceeding six (6) years next preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any, of recovering the possession.

When specific performance is granted, the value of the use of the property is the reasonable rental on the property from the time that a buyer should have taken possession. *Smith v. Owens,* 397 P.2d 673, 684 (Okla. 1963).

¶ 13 The trial court's refusal to grant Buyer the fair rental value of the property is reversed. On remand, the trial court is directed to grant the fair rental value of the property from the time he should have been given possession.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; JUDGMENT OF TRIAL COURT AFFIRMED IN PART; REVERSED IN PART; CAUSE REMANDED TO TRIAL COURT WITH DIRECTIONS.

¶ 14 SUMMERS, C.J., HARGRAVE, V.C.J., LAVENDER, OPALA, KAUGER, WATT, and WINCHESTER, JJ., concur.

¶ 15 BOUDREAU, J., disqualified.