2001 OK CIV APP 31

**Johnny Michael CORR, Plaintiff/Appellee.**

v.

**Thomas R. CORR, III, as Executor of the Estate of Thomas R. Corr, Jr., deceased; Thomas R. Corr, III, as Successor Co–Trustee of the Thomas R. Corr, Jr. Revocable Trust, Thomas R. Corr, III, as putative successor beneficiary of the Thomas R. Corr, Jr. Revocable Trust; and Gerald Mark Corr, as putative successor beneficiary of the Thomas R. Corr, Jr. Revocable Trust, Defendants/Appellants.**

**No. 94,457.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 5, 2000.

Rehearing Denied Dec. 13, 2000.

Certiorari Denied Feb. 21, 2001.

James A. Ikard, Oklahoma City, OK, for Appellee.

Anton J. Rupert, Crowe & Dunlevy, Oklahoma City, OK, for Appellant, Thomas R. Corr, III.

## OPINION

RAPP, P.J.

¶ 1 Trial court defendant, Thomas R. Corr, III, individually and in his various capacities related to The Estate of Thomas R. Corr, Jr., deceased, (Corr III) appeals the trial court's grant of summary judgment to plaintiff, Johnny Michael Corr, in this declaratory judgment action. The issue presented for review is who are the proper successor beneficiaries to The Thomas R. Corr, Jr. Revocable Trust (Trust).

¶ 2 The appeal was assigned to the accelerated docket pursuant to Okla. Sup.Ct. R. 1.36, 12 O.S. Supp.1999, ch. 15, app. 1.

## I. BACKGROUND

¶ 3 Thomas R. Corr, Jr. (Settlor) of The Thomas R. Corr, Jr. Revocable Trust, had three sons: Thomas R. Corr, III, Settlor's biological son with Margaret Tontz Corr, now deceased; and Johnny Michael Corr and Gerald Mark Corr, the adopted sons of Settlor and Margaret Tontz Corr. Upon Settlor's death in 1998, he left as his surviving spouse, Rachel M. Corr.

¶ 4 Settlor executed the Last Will and Testament of Thomas R. Corr, Jr. (Will) on February 17, 1994. The Will provided that all of theresidue of his estate be devised to the Trust. The Will named his biological son, Corr III, as the executor of Settlor's estate.

¶ 5 Settlor also executed a Declaration of Trust on February 17, 1994, establishing The Thomas R. Corr, Jr. Revocable Trust. The Trust provided:

> WHEREAS, the Settlor's wife is RACHEL M. CORR, and the Settlor has one child, THOMAS REED CORR, III; and
>
> . . . .

### ARTICLE FIFTH

#### Successor Beneficiaries

Upon the death of the Settlor's wife, if she shall survive him, or upon the death of the Settlor if his wife shall not survive him, the Trustee shall pay and distribute the trust estate at that time remaining to the Settlor's then living issue, in equal shares, *per stirpes,* discharged of trust. If there are no issue of the Settlor then living, the trust estate shall be paid and distributed to such persons and in such proportions as the same would be distributed under the laws of the State of Oklahoma then in force had the Settlor then died intestate, a resident of Oklahoma and owning only said property.

The Trust defined child, children, and issue in "Article Seventeenth, *Construction*," as follows:

The words "child" and "children", wherever used in this Agreement, shall include not only the child and children of the person or persons designated, but also the legally adopted child and children of such person or persons, at the time in question. The word "issue", wherever used in this Agreement, shall include not only the child, children and issue of the person or persons designated, but also the legally adopted child and children of such person or persons and the child, children or issue thereof, at the time in question.

¶ 6 Johnny Corr filed a Petition for Declaratory Judgment asking the trial court to determine that he, the other adopted brother—Gerald Corr, and Corr III constituted successor beneficiaries under the Trust and to require Corr III to account for his activities as trustee. Corr III answered, alleging that he was the only successor beneficiary and that Johnny Corr and Gerald Corr were not entitled to a distribution under the Trust.

¶ 7 Plaintiff Johnny Corr filed a motion for summary judgment, arguing the Trust was unambiguous and therefore, under a strict interpretation of the plain language of the Trust, he was entitled to summary judgment declaring himself, Gerald Mark Corr, and Corr III as successor beneficiaries of the Trust.

¶ 8 Corr III filed a response and a cross motion for summary judgment, asking the trial court for a declaration that he was the sole successor beneficiary. Corr III argued that the Trust was susceptible to two different interpretations and was therefore ambiguous as a matter of law. Corr III further alleged that under the rules of interpretation, the court was required to take parol evidence to determine Settlor's intent concerning distribution of the Trust. In the alternative, Corr III argued Settlor's failure to list his adoptive sons when naming his children in the Trust indicated his intent to exclude Johnny and Gerald from distribution under the Trust.

¶ 9 The trial court, after allowing Corr III's counsel to make an offer of proof relative to Settlor's intent, sustained Plaintiff's summary judgment motion ruling the Trust "unambiguous and, accordingly, extrinsic evidence may not be used to determine the intent of the [Settlor]." The court ordered that Johnny Michael Corr, Gerald Mark Corr, and Thomas R. Corr III were successor beneficiaries of the Trust and entitled to equal shares, *per stirpes*, upon the death of the initial beneficiary, Rachel M. Corr. The trial court also ordered Corr III to provide an accounting as trustee. Corr III appeals.

## II. *ANALYSIS*

¶ 10 The interpretation of a trust instrument and whether it is ambiguous is a question of law for the court. *In re Home-Stake Prod. Co. Deferred Compensation Trust*, 1979 OK 81, ¶ 8, 598 P.2d 1193, 1196. A question of law requires a *de novo* review by the appellate court and the "appellate court claims for itself plenary independent and non-deferential authority to reexamine a trial court's legal rulings." *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

¶ 11 A trust instrument is ambiguous if it is susceptible to two or more interpretations. *State ex rel. Comm'rs of the Land Office v. Butler*, 1987 OK 123, ¶ 9, 753 P.2d 1334, 1336. In construing a trust document, the primary purpose is to ascertain and give effect to the settlor's intent. *In re Will of Dimick*, 1975 OK 10, ¶ 10, 531 P.2d 1027, 1030. "Where the language of the instrument is free from ambiguity, the resort to parol evidence is prohibited, and the intent of the grantor must be ascertained from the terms of the instrument as a whole." *Crowell v. Shelton*, 1997 OK 135, ¶ 7, 948 P.2d 313, 315.

¶ 12 The first question examined is whether the trust instrument involved here is ambiguous. Settlor provided in the initial recitals of the Declaration of Trust that "the Settlor's wife is RACHEL M. CORR, and the Settlor has one child, THOMAS REED CORR, III ...." The parties do not dispute that Rachel M. Corr is the initial beneficiary under the Trust. The Trust further provid-

ed in its "Article Fifth *Successor Beneficiaries*" that upon the Settlor's wife's death, "the Trustee shall pay and distribute the trust estate at that time remaining *to the Settlor's then living issue, in equal shares, per stirpes,* discharged of trust." (Emphasis added.)

¶ 13 The Trust then defined "issue" in "Article Seventeenth *Construction*" as *"not only the child, children and issue of the person or persons designated, but also the legally adopted child and children of such person or persons and the child, children or issue thereof, at the time in question."* (Emphasis added.)

¶ 14 The Trust clearly provides that upon Settlor's wife's death, the Trust estate shall be distributed equally to his "then living *issue,*" which the Trust expressly defines as both biological children and legally-adopted children. Thus, according to the Trust's unambiguous language, the successor beneficiaries shall include his biological son, Thomas R. Corr, III, and his adoptive children, Johnny Michael Corr and Gerald Mark Corr.

¶ 15 Although Corr III argues the Settlor's recitation in the Trust naming only his biological child, and not his adoptive children, creates an ambiguity in the Trust, a close examination of the Trust language dispels this argument. As previously discussed, the successor beneficiary clause in the Trust distributes the Trust assets to the Settlor's then living *issue,* upon the Settlor's wife's death. The term "issue" is then clearly defined to include both biological and adoptive children. The initial clause listing Corr III, and omitting the adoptive children, refers to "child." This Court sees no ambiguity when a Settlor identifies only one individual as his child, but subsequently makes a bequest to a general class of "issue" that includes, but is not limited to, the specifically listed individual.

¶ 16 Corr III argues, in the alternative, that if this Court finds the Trust to be unambiguous, the inaccurate recitation listing only himself as Settlor's child indicates the Settlor's intent to intentionally omit from distribution his adoptive sons, Gerald and Johnny. Corr III argues the Oklahoma Supreme Court has previously held in *O'Neill v. Cox,* 1954 OK 128, 270 P.2d 663, and *In re Estate*

of *Hester,* 1983 OK 93, 671 P.2d 54, that when a testator incorrectly states he has no children, he is in effect disinheriting those children not named. The cases Corr III relies on are readily distinguishable.

In *O'Neill,* the testator stated in his will that he had no children and had never had any children, although he had a child from a previous marriage. The testator in *O'Neill* specifically devised all of his property to his present wife, and if she predeceased him, to his wife's sister, and in the event of the sister's death, to First Presbyterian Church of Tulsa, Oklahoma. The trial court stated:

I cannot think of any more that the man could possibly have done to see to it that his son, under any circumstances, would get any benefit from his estate

. . . . Taking the will as a whole, it must be apparent that he had that intention.

*O'Neill,* 1954 OK 128, at ¶ 11, 270 P.2d at 666. The Supreme Court agreed. The Supreme Court found that the statement that testator had no children, when construed in connection with the disposition of his estate, indicated the testator's definite intent to omit his son as a beneficiary of the will. *Id.* at ¶ 18, 270 P.2d at 667.

¶ 17 In *In re Estate of Hester,* the testator incorrectly stated he had no children, although he had one son, and devised his entire estate to his siblings. The Supreme Court held "a specific denial of the existence of members of a class to which the claimant belongs, coupled with a complete disposition of the estate by will, evinces a definite intent that all members of the named class are intentionally omitted from the provisions of the testator's will." *In re Estate of Hester,* 1983 OK 93, at ¶ 12, 671 P.2d at 55.

¶ 18 Unlike *O'Neill* and *Estate of Hester,* the Settlor here conveyed his entire estate, upon his wife's death, to a general class, his issue, which by definition contained in the Trust included his biological, as well as his adoptive sons. The Settlor's exclusive listing of his biological child in the initial recitals of the Declaration of Trust, then coupled with the complete disposition of his estate to his issue does not evince a definite intent by

Settlor to intentionally omit his adopted sons from his Trust distribution.

### III. *CONCLUSION*

¶ 19 Based on the foregoing, the trial court did not err in finding the Trust unambiguous, and that Johnny Michael Corr, Gerald Mark Corr, and Thomas R. Corr III are successor beneficiaries of the Trust and entitled to equal shares *per stirpes* upon the death of Rachel M. Corr. The trial court also did not err in requiring the trustee to provide an accounting of his service as trustee. The trial court's Order sustaining Plaintiff's motion for summary judgment is affirmed.

¶ 20 AFFIRMED.

¶ 21 REIF, J. (sitting by designation), and COLBERT, J., concur.