2008 OK CIV APP 45

**In the Matter of the Estate of Louis T. LIVSEY, Deceased,**

**Bille Sue Coody; Carolyn Livsey; and Beatrice Livsey, Movants/Appellants,**

v.

**Daniel R. WOOD, Special Administrator of the Estate of Louis T. Livsey, Deceased, Respondent/Appellee.**

No. 104,144.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 15, 2008.

Certiorari Denied April 21, 2008.

Jerry L. Colclazier, Colclazier & Associates, Seminole, OK, for Movants/Appellants.

D. Neal Martin, Shawnee, OK, for Respondent/Appellee.

ROBERT DICK BELL, Judge.

¶1 In this probate proceeding, Billie Sue Coody, Carolyn Livsey, and Beatrice Livsey (Contestants), the natural children of Louis T. Livsey, deceased (Decedent), appeal the trial court's order denying their request for a share of the Decedent's estate as pretermitted heirs. We reverse and remand for further proceedings.

¶2 Decedent died testate on February 16, 2001. Article II of Decedent's last will and testament dated January 17, 1996, declared:

I hereby declare that I am divorced and have not remarried. I have one and only one child, a son named Larry Wayne Livsey. I have four living brothers and one living sister, namely Carl Livsey, Rob-

ert Livsey, Roy Livsey, Clarence Livsey and Estell Grecian.

Article IV of the will stated as follows:

I specifically state that it is my intention to exclude my son, namely Larry Wayne Livsey, from taking anything under this my Last Will and Testament. Nor do I desire that any of my brothers or sisters take anything under this my Last Will and Testament.

Under Article III of the will, Decedent bequeathed and devised his entire estate to his long-time friends, Daniel R. Wood, Special Administrator (Appellee), and Daniel's wife, Charlotte A. Wood.

¶3 On August 3, 2006, Appellee filed a petition for a summary administration. The petition averred that Decedent has six children, including Contestants. At the hearing on the petition for summary administration and the final account, Contestants personally appeared and lodged an oral objection to Appellee's proposed distribution of the entire estate to Appellee and his wife. Contestants maintained Decedent's will did not contain language evidencing his intent to exclude his five other unnamed children from inheriting; therefore, Contestants were entitled to an intestate share of their father's estate pursuant to 84 O.S.2001 § 132. The trial court disagreed with Contestants' claim and ordered that the entire estate be distributed to Appellee and his wife. Contestants appealed.

¶4 Probate proceedings are of equitable cognizance; consequently, this Court will not disturb the trial court's decision unless its decision is found to be clearly contrary to the weight of the evidence or some governing principle of law. *Matter of Estate of Eversole*, 1994 OK 114, 885 P.2d 657.

¶5 It is uncontroverted Decedent had six children, including Contestants, and that Decedent misrepresented the number of his children in his will. It is likewise uncontroverted that Larry and Decedent's siblings were specifically mentioned and excluded from inheriting, but nowhere in the will were the five other children mentioned by class or individually. Contestants claim Decedent clearly knew how to disinherit some of his

heirs, but chose not to utilize this same method to exclude his five other children from their inheritance rights; therefore, Decedent's omission of his five other children was obviously unintentional.

¶ 6 Appellee counters Decedent was quite estranged from his entire family and intended that no sibling or child inherit from his estate. Appellee submits that by stating "I have one and only one child" in his will— even though this statement was incorrect— Decedent clearly and affirmatively stated his intent to exclude all his children, individually and as a class, from inheriting. Appellee further argues Decedent's complete disposition of his estate to Appellee and Appellee's wife, as provided in Article III, further evidenced Decedent's intent to fully disinherit all of his children. As support, Appellee cites *Matter of Estate of Hester*, 1983 OK 93, 671 P.2d 54, which held:

> [A] specific denial of the existence of members of a class to which the claimant belongs, coupled with a complete disposition of the estate by will, evinces a definite intent that all members of the named class are intentionally omitted from the provisions of the testator's will.

*Estate of Hester* at ¶ 12, 671 P.2d at 55.

 ¶ 7 The issue on appeal is whether it is apparent from Decedent's will that he intended to disinherit his five other children by omitting them from his will. Section 132 provides:

> When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.

The purpose of § 132 is to protect an issue's right to take unless the will itself gives a clear expression of an intentional omission. *Crump's Estate v. Freeman*, 1980 OK 80, 614 P.2d 1096. The Oklahoma Supreme Court has consistently held the determination as to whether the testator's omission to provide for his child was intentional must be made from the four corners of the will, *Id.* at ¶ 3, 614 P.2d at 1097 n. 2, and such intent to disinherit must appear in strong and convincing language. *Matter of Estate of Woodward*, 1991 OK 25, 807 P.2d 262. To effectively exclude an heir, that heir must be mentioned in the will either by name or class. *Matter of Severns' Estate*, 1982 OK 64, 650 P.2d 854. Simply leaving the entire estate to others is not alone sufficient to show intent to omit a child. *Matter of Estate of Flowers*, 1993 OK 19, 848 P.2d 1146.

¶ 8 After reviewing the record, we hold Decedent's will does not contain the requisite strong and convincing language to evidence Decedent's intent to exclude his other five children from inheriting. In this regard, the instant case is distinguishable from *Estate of Hester* because in that case, the testator specifically denied the existence of members of a class to which the claimant belonged. Here, unlike *Estate of Hester*, Decedent's exclusive listing of only one of his six children without mentioning the other children by name or by class simply does not evince, in strong and convincing language, Decedent's intent to disinherit his five other children.

¶ 9 Because Contestants' omission from Decedent's will appears to be unintentional, Contestants are entitled to share in Decedent's estate as if Decedent died intestate. We therefore hold the trial court erred when it concluded Contestants had no rights as pretermitted heirs of the estate. The trial court's order is reversed and this matter is remanded for a determination of Contestants' shares of the estate as pretermitted heirs.

¶ 10 REVERSED AND REMANDED.

BUETTNER, P.J., and MITCHELL, V.C.J., concur.