2013 OK CIV APP 35

**In the Matter of the ESTATE OF Donald R. ROZELL, Plaintiff/Appellant,**

v.

**The BETTY ROZELL REVOCABLE TRUST and Earl Rozell, Trustee, Defendants/Appellees.**

**No. 109,331.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 30, 2012.

Certiorari Denied Feb. 25, 2013.

Sherri K. Anderson, Anderson Law Firm, P.L.L.C., Tulsa, Oklahoma, for Plaintiff/Appellant.

Craig S. Key, Chandler, Oklahoma, for Defendants/Appellees.

BRIAN JACK GOREE, Judge.

¶ 1 Plaintiff/Appellant, Estate of Donald R. Rozell by its personal representative, Sharon K. Hudgins–Rozell, sued Defendant/Appellee, The Betty Rozell Revocable Trust by its trustee, Earl Rozell, to recover Donald's share of the distribution from the trust of his late mother, Betty Rozell. The trial court granted judgment in favor of Earl. We hold that pursuant to the language of the trust agreement, Donald's share vested upon the division date and did not divest upon Donald's death. His interest passed to his estate. We reverse and remand with instructions to grant judgment in favor of Sharon as the personal representative of Donald's estate.

¶ 2 On October 1, 2002, Betty executed a revocable trust agreement, which provided in part:

2.04 *Division of Trust and to Shares upon My Death, Division Date Defined:* Upon my death, the Co–Trustee, Earl Rozell, shall immediately divide the trust principal into separate shares for the benefit in equal seven (7) shares for [sic] Watts Rozell, Jr., Ann Rozell Day, Don Rozell, Roger Rozell, John Rozell, Nancy Orr and Earl Rozell, per stirpes. This date shall be called the "Division Date". Each share set aside for a child or more remote descendant of mine shall constitute a separate and distinct trust. The person for whose benefit a share is created ... is the primary beneficiary of that share.

2.05 *Distribution of Income and Principal to My Descendants After the Division Date:* After the Division Date, the Co–Trustee shall have the discretionary power to pay all or any portion of the income and principal of each share of each independent trust to or for the benefit of Watts Rozell, Jr., Ann Rozell Day, Don Rozell, Roger Rozell, John Rozell, Nancy Orr and Earl Rozell, per stirpes. If any beneficiary shall be deceased at the time of distribution, their share shall be distributed to their children so long as they have obtained the age of 25 years or older. Any heir not of the age of 25 years shall have their share held in trust until such time as they reach the age of 25 years.

2.06 *Termination of Trust:* The share or proportionate part thereof of the trust principal set aside for each primary beneficiary shall be held and eventually distributed and paid over free and clear of trust ... within three years of the death of Betty Rozell.

¶ 3 Betty died on December 25, 2008. Donald died on February 14, 2009, leaving a surviving spouse but no children. Sharon brought the action below seeking to recover Donald's share of the trust for his estate. The parties tried the matter to the court on November 4, 2010. On December 16, 2010, the trial court entered its judgment against Sharon and in favor of Earl, ruling the trust agreement provided that in order for Donald to benefit under the trust, he not only had to be alive at his mother's death, but also when the distribution was made. The trial court ruled Donald was not alive when distribution was made, and because he had no children, the bequest to him lapsed.

¶ 4 Sharon moved for new trial. After the trial court denied her motion, she filed this appeal from both orders.

¶ 5 Sharon contends the trial court erred in holding Donald had to survive until final distribution of the Trust property in order to receive his share. She argues Donald's share vested upon Betty's death based upon the Trust provision directing Earl to divide the Trust into seven separate shares, each of which would constitute a new and separate trust as of the division date. Sharon argues the Trust contained no survivorship, contingency, or residuary disposition clauses requiring Donald to survive Betty for a specific period of time. She contends Donald possessed the vested right to the one-seventh share held in trust for him, and that right passed to his estate when he died.

¶ 6 Sharon contends the trial court erred in finding the bequest to Donald lapsed when he died without issue. She argues the trust provided that the beneficiaries' share would pass to their children under certain conditions, but made no provision for a beneficiary who dies without issue. She points out the Trust acknowledged a beneficiary's estate could receive distributions from the Trust in

Paragraph 5.03, which provided for income due to a deceased beneficiary to be paid to the beneficiary's estate.

¶ 7 In response, Earl argues the Trust contains a specific requirement of survival to the date of distribution in the language stating, "If any beneficiary shall be deceased at the time of distribution, their share shall be distributed to their children so long as they have obtained the age of 25 years or older." Earl argues the language of the Trust establishes that a deceased beneficiary's portion could be distributed only to the children upon reaching the age of twenty-five years, and because Donald did not have children, his interest lapsed when he died.

¶ 8 The interpretation of an unambiguous trust agreement is a question of law which we will review *de novo*. *Corr v. Corr,* 2001 OK CIV APP 31, 21 P.3d 642, 644. In construing a trust agreement, our primary purpose is to ascertain and give effect to the trustor's intent. If the language of the agreement is unambiguous, we must ascertain the intent of the trustor from the terms of the agreement as a whole. *Id.*

¶ 9 We find no ambiguity in the language of the trust agreement in this case. Contingent rights vest when the contingency is removed. *Randolph v. Board of Regents of Oklahoma Colleges,* 1982 OK 75, 648 P.2d 825, 827. Pursuant to the trust agreement, the contingent beneficiaries' rights in the trust vested upon the trustor's death. The trustor directed the co-trustee to establish separate and distinct trusts for the benefit of each beneficiary upon her death, establishing that date as the Division Date. As of that date, the contingency was removed and the beneficiaries' interests vested.

¶ 10 A trust's terms may postpone vesting of a beneficiary's interest to the happening of some future event, such as survival to a distribution date. *Hulett v. First Nat. Bank and Trust Co. in Clinton,* 1998 OK 21, 956 P.2d 879, 884–885. See also *Sivia v.*

*Snyder,* 1973 OK CIV APP 8, 517 P.2d 812, 814 (approved for publication by the Oklahoma Supreme Court) (the trust language provided that if any beneficiary was not living on the distribution date, then that person's share would go to her issue per stirpes, or if she had no surviving issue, it would be divided among the other beneficiaries.) Trust language may also provide for the interest of the beneficiary to be divested upon the happening of a condition subsequent. RESTATEMENT (SECOND) OF TRUSTS § 129 cmt. e.

¶ 11 Betty's trust is an example of the latter rather than the former. The trust agreement did not use any language establishing a distribution date. Paragraph 2.06 sets a three-year deadline for distributions so that the trust can be terminated, but it does not specify a distribution date. Paragraph 2.05 provides for a beneficiary's share to be divested upon the conditions subsequent that the beneficiary is deceased and has living children. With respect to Donald's share, both conditions were not met. Donald was deceased but he had no children. Therefore, his interest, which vested upon Betty's death, was never divested. It passed to his estate upon his death.[1]

¶ 12 The trial court erred in granting judgment in favor of Earl as the trustee of Betty's trust. The judgment is REVERSED and this matter is REMANDED with instructions to grant judgment in favor of Sharon as the personal representative of Donald's estate and to direct Earl to distribute Donald's share of the trust to his estate.

JOPLIN, V.C.J., concurs.

BUETTNER, P.J., dissenting with opinion.

¶ 13 The majority's holding, that a gift in trust vested at the time of the trustor's death and could not lapse when the beneficiary died before the distribution date, is incorrect pur-

---

1. The trusts construed in the *Dimick* and *Sivia* cases, cited by the dissent, contained language providing for an alternative distribution of the share of a beneficiary who died without issue prior to distribution. Betty omitted this language from her trust. The language she included providing for the establishment of separate and distinct trusts for the benefit of each beneficiary upon her death is absent from the *Dimick* and *Sivia* trusts. Therefore, we are unable to conclude that Betty intended the same result reached in those cases.

suant to Oklahoma law and the unambiguous intent shown in the trust document.

¶ 14 In her revocable inter vivos trust, the trustor expressed her intent that her seven children be the beneficiaries of the trust and, at clause 2.04, the trustor indicated that upon her death, the co-trustee "shall immediately divide the trust principal into separate shares for the benefit in equal seven (7) shares for" her seven children. The trust provided that the date of the trustor's death and the date the trust principal was to be divided would be known as the "division date." The title of the following clause plainly shows the distribution date would be after the division date. The following two clauses show the trustor's intent regarding distribution of the trust assets (emphasis added):

2.05 ***Distribution of Income and Principal to My Descendants After the Division Date:*** After the Division Date, the co-trustee shall have the discretionary power to pay all or any portion of the income and principal of each share of each independent trust to or for the benefit of [seven named children], per stirpes. *If any beneficiary shall be deceased at the time of distribution,* their share shall be distributed to their children so long as they have obtained the age of 25 years or older. Any heir not of the age of 25 years shall have their share held in trust until such time as they reach the age of 25 years.

2.06 ***Termination of Trust:*** *The share or proportionate part thereof of the trust principal set aside for each primary beneficiary shall be held and eventually distributed* and paid over free and clear of trust only after the death of (trustor) subject to Article § 205 to [seven named children] per stirpes, *within three years* of the death of [trustor].

The trustor died December 25, 2008. Her son Donald died February 14, 2009, leaving no children. The parties agree Donald died before distribution occurred.

¶ 15 With no authority, the majority declares "the contingent beneficiaries' rights in the trust vested upon the trustor's death." The majority finds that the death of the trustor was the contingency, then notes authority that a later event may divest the beneficiary's rights, but that it did not in this case. Oklahoma authority shows that a trust gift vests on the distribution date, absent an express declaration to the contrary.

¶ 16 In construing a trust instrument, the intention of the trustor controls. *In re Dimick's Will,* 1975 OK 10, 531 P.2d 1027, 1030. In *Dimick,* the testamentary trust directed that after the corpus was delivered to the trustee, the trust would continue for ten years, at which time half the assets would be divided between the testator's two daughters and the other half would remain in the trust for the care of his wife until her death, at which time the remaining funds would be divided between the two daughters. At the end of the ten years, the trust was in debt so the trustees did not distribute any assets. One daughter survived the ten year period but died before the assets were distributed. The trial court held that her quarter share of the trust was a vested right and the court directed the trustee to distribute that share to her estate. The appellate court framed the issue as whether at the end of the ten year period, the then-surviving daughter acquired a vested interest in her share of the trust, which was not divested by her subsequent death before the actual distribution of the trust corpus. The court noted that if an instrument provides a definite time when the right to receive the legacy accrues, then the gift vests at that time, even though actual distribution may occur later. *Id.* at 1030. The Oklahoma Supreme Court found that the trust showed the testator's intent that half the trust property should be vested in and distributed to his daughters alive at the end of the ten years, or if either was dead on that date then to her children. *Id.* at 1031. The court held that the daughter who survived the ten years had a vested interest at that time, even though distribution occurred later. *Id.*

¶ 17 In *Sivia v. Snyder,* 1973 OK CIV APP 8, 517 P.2d 812 (*cert. denied*), the trustor created a living trust which provided that on his death, the trustee should pay various last expenses and after all of the preceding parts of the trust had been complied with, pay the residue to four named persons. The trust provided that if any of those persons were

deceased but had living issue at the distribution date, then the trustee should distribute their share to their issue, but if the deceased left no living issue, then that share would be divided between the surviving named residuary beneficiaries. After the trustor died, the trustee paid the expenses as required by the trust, but the IRS proposed additional taxes. The trustee then planned to distribute the trust to the four beneficiaries but retain the amount of the proposed additional taxes. After the partial distribution commenced but before it was complete, one of the beneficiaries died without issue. The trustee asked the court to construe the trust to determine whether the deceased beneficiary survived until the "distribution date" so that her share of the trust would be paid to her estate. The trial court found that the deceased beneficiary's interest vested at the time of the testator's death. The appellate court was unable to see how the trustor could have intended "distribution date" to be his date of death because the trust directed certain payments to be paid upon the trustor's death, but payment of the residuary was not among those. *Id.* at 815. Indeed, the court noted that the trust provided the residuary beneficiaries were to be paid after all the other trust provisions were complied with, which necessarily indicated some later date. The court noted an estate is never distributed on the date of death and to find otherwise would be to give the phrase "distribution date" an "interpretation contrary to its ordinary meaning." *Id.* at 815–816. The appellate court noted there were two remaining possibilities for the "distribution date"—either the date of actual distribution, or the date the trustee could first have made distribution. The court concluded the second option "seems to comport more nearly with what the settlor most likely intended." The court found that the settlor would not have desired the beneficiaries' enjoyment of the gift to depend on accident, delay, or inconvenience. The court held it chose:

> to follow the majority view, and the more practical one, that vesting in these circumstances takes place on the first date the legacy could reasonably be paid by the trustee, which was when all the provisions of the trust had been complied with, with the exception of payment of the additional

tax, for which a fund was set aside. This date of course was prior to the death of Miss Sivia. To hold otherwise would be to find that the settlor, by using 'distribution date' in the trust, provided for such unpredictable occurrences and delays to defeat the gift. Such occurrences and delays would then replace the settlor's manifest intent to give to certain named beneficiaries. We find such an interpretation would be completely contrary not only to settlor's intentions, but also contrary to the very purpose for which the trust instrument was prepared in the first place.

*Id.* at 816.

¶ 18 In this case, the trustor clearly showed an intent that the distribution date differed from the date of death and she provided for an outside limit to the distribution date, to guard against unforeseen delays as shown in *Sivia.* The distribution date cannot be more than three years after her date of death. But as in *Sivia,* the interest of the beneficiaries does not vest on the date of the trustor's death. Because Donald did not survive until the distribution date and because he did not leave children, his share lapsed under the plain language of the trust instrument.

¶ 19 This outcome is also supported by the Restatement. The trust instrument here shows the trustor's intent to provide for her seven children. Restatement (Second) of Property, Don. Trans. § 27.3 (1988), provides:

> If a gift is made in favor of a class described as "children," "grandchildren," "brothers," "sisters," "nephews," "nieces," "cousins," or by similar class gift terms that describe a one-generation class,
>
> (1) a person within the primary meaning of the class gift term who dies after the dispositive instrument takes effect but before such class member is entitled to distribution of his or her share is not excluded from the class by reason of such death, if such death does not make impossible the fulfillment of a condition, unless additional language or circumstances indicate otherwise, or an applicable statute provides otherwise.
>
> (2) If additional language or circumstances indicate otherwise or an applicable statute provides otherwise, the share in the class

gift that such deceased class member would have taken had he or she lived, when the share of each class member is not a specified amount, goes to enlarge the shares of the class members not excluded, except to the extent that substitute takers are provided to take in place of the deceased class member by additional language or circumstances or by a statute.

Here, distribution was conditioned upon the class member or his living issue surviving until the distribution date. Donald's death without issue prevented fulfillment of that condition.

¶20 The trust instrument at issue here shows the trustor's intent that to receive a share, a beneficiary must survive (or have surviving issue) by the time of distribution, which was to be no more than three years after the death of the trustor.

¶21 The trustee has complete discretion when to distribute during that time frame. It also seems clear that the trustor's intent was to provide for her seven children. If any child died before the distribution date, without children, that child's share would necessarily go to the remaining living children. That comports with the trust language and the trustor's intent. Donald died before his interest vested and the trial court correctly found that his interest lapsed.