[No. A015680. First Dist., Div. One. Sept. 24, 1984.]

THOMAS SMITH et al., Plaintiffs and Appellants, v.
RITA D. CROOK et al., Defendants and Respondents.

246

**COUNSEL**

R. Stevens Condie and Condie, Lee & Gee for Plaintiffs and Appellants.

Goodman, Herbert & Lucas, William H. Herbert and Dennis Bunting for Defendants and Respondents.

OPINION

RACANELLI, P. J.—The sole question on this appeal is whether the decedent's natural grandchildren are entitled to share in the estate as pretermitted heirs. For the reasons which follow, we conclude that they are and accordingly reverse the judgment.

FACTS

Genevieve Rufran died testate on December 11, 1974, bequeathing her residuary estate to her three surviving children, respondents herein.[1] The will was duly admitted to probate, and the estate was distributed to the respondents under the terms of the will. Appellants, the surviving children of June R. Smith who predeceased her mother Genevieve, did not receive notice of the probate proceedings.

In November 1977 appellants filed the underlying complaint to establish a constructive trust as pretermitted heirs. Respondents answered and cross-complained against John Soanes, the attorney who prepared the will, alleging malpractice.

At trial, Mr. Soanes' deposition was admitted into evidence. In his deposition Mr. Soanes related that after June Smith died (in 1972), Genevieve instructed him to redraft her will to exclude her daughter June as a beneficiary, stating that "she didn't want anything to go to June nor her issue."

The will, as redrafted by Mr. Soanes and executed by Genevieve on October 6, 1972,—while acknowledging the deceased child June—made no mention of her surviving children, appellants herein. The trial court found, inter alia, that decedent's omission to provide that "plaintiff grandchildren" share in her estate was intentional.

---

[1]Paragraph Fourth of the will provides: "I give the residue of my estate as follows:
1. I give the residue of my estate to my three (3) children equally, share and share alike, or to the survivors who survive me for one hundred twenty (120) days.
"2. If none of my issue survive me for one hundred twenty (120) days, I give the residue of my estate to those persons who would have been my heirs if I had died one hundred twenty (120) days after my actual death, their identities and their respective shares to be determined according to the laws of the State of California in effect at the date of my death relating to the succession of separate property not acquired from a predeceased spouse."

## DISCUSSION

■ Under the provisions of section 90 of the Probate Code, a testator's children or children of a deceased child who are omitted from a will are entitled to share pursuant to the laws of intestacy "unless it appears *from the will* that such omission was intentional." (Italics added.)[2]

The statutory purpose is to guard against the unintentional omission of the decedent's natural heirs from a share in the estate due to oversight, accident, mistake or an unexpected change of condition. (*Estate of Torregano* (1960) 54 Cal.2d 234, 248 [5 Cal.Rptr. 137, 352 P.2d 505, 88 A.L.R.2d 597]; *Estate of McClure* (1963) 214 Cal.App.2d 590, 592-593 [29 Cal.Rptr. 569].) To effect the legislative purpose, the statute requires that in order for a testator to disinherit his lineal descendants, the intent to do so must be unmistakably expressed: it must appear on the face of the will that, at the time of its execution, the testator knowledgeably and intentionally omitted to provide for his descendants. (*Estate of Torregano, supra,* 54 Cal.2d at p. 249.)

Thus, in *Estate of Trickett* (1925) 197 Cal. 20, 25-26 [239 P. 406], it was held that the testamentary proviso that the estate go to the surviving children "& not their heirs or any other relatives of mine" manifested the testator's intention to leave his estate *only* to his surviving children and that the failure to provide for the children of a predeceased child was intentional.

But in determining whether the testator had his descendants in mind and intentionally failed to provide for them, extrinsic evidence may *not* be considered. The intent to disinherit must appear *on the face of the will.* (*Estate of Smith* (1973) 9 Cal.3d 74, 79-80 [106 Cal.Rptr. 774] and cases there cited.) The testator's natural heirs will be disinherited "only when the intent to disinherit . . . appears in strong and convincing language *on the face of the will.*" (*Id.,* at pp. 78-79, emphasis added; accord *Estate of Gardner* (1978) 21 Cal.3d 620, 622 [147 Cal.Rptr. 184, 580 P.2d 684].) When such intent does not so appear, then the statutory presumption—that the failure to name a child or grandchild in a will was unintentional—must prevail. (*Estate of Smith, supra,* 9 Cal.3d at p. 79; see, e.g., *Estate of Falcone* (1962) 211 Cal.App.2d 40, 47-48 [27 Cal.Rptr. 38] [testator's contempo-

---

[2]Section 90 reads in full: "When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate."

rary letter held inadmissible to show that disinheritance of children was intentional].)

Herein, apart from the extrinsic evidence of the testator's intentional omission supplied by the Soanes' deposition, there is nothing to support the trial court's crucial findings. There is no language in the will from which it appears that the testator had her grandchildren in mind and intentionally omitted them when she made her will: appellants are nowhere mentioned either by name or by class designation; the decedent merely acknowledged her three surviving children and her predeceased daughter.[3]

While extrinsic evidence is admissible to resolve ambiguities in a will (*Estate of Russell* (1968) 69 Cal.2d 200 [70 Cal.Rptr. 561, 444 P.2d 353]), such evidence is inadmissible to explain or contradict an omission on the face of the will. Conversely, extrinsic evidence is admissible to support the presumption of an unintentional omission, i.e., to show the *lack of intent* to omit an heir. (*Estate of Torregano, supra,* 54 Cal.2d at pp. 243-248.) As the Supreme Court later clarified: "But our holding that extrinsic evidence could be used to interpret general language in the will for the purpose of finding a *lack of intent* to omit to provide for an heir did not change the rule, established in the specific language of section 90 and in the case law (*Estate of Trickett, supra,* 197 Cal. 20, 22; *In re Stevens, supra,* [1890] 83 Cal. 322, 328-329 [23 P. 379]; *Matter of Estate of Garraud, supra,* [1868] 35 Cal. 336, 342), that extrinsic evidence is inadmissible to prove an intent to disinherit a natural heir. (54 Cal.2d at pp. 246, 248.)" (*Estate of Smith, supra,* 9 Cal.3d at p. 79; accord *Estate of Gardner, supra,* 21 Cal.3d 620, 622-623.)

We conclude that the circumstances before us fall squarely within the statutory design: there is nothing on the face of the will which demonstrates that the testator had her deceased daughter's surviving children in mind and intentionally omitted to provide for them. Under such circumstances, the presumption of section 90 stands unrebutted and entitles appellants as pretermitted heirs to share in the estate in accordance with the laws of intestate succession.[4]

---

[3]Paragraph Second of the will states: "I am a widow. My dearly beloved husband, JAMES RUFRAN, having predeceased me. I have three (3) children now living, namely: ROBERT L. RUFRAN, HELENE S. RUFRAN and RITA D. CROOK. I have one deceased child, namely JUNE R. SMITH."

[4]We reject respondents' related argument that the language contained in Paragraph Fourth, subdivision (2) of the will (fn. 1, *ante*) providing for contingent beneficiaries "if none of my issue survive" must be interpreted to include appellants within the contingent class of beneficiaries refuting the claim of unintentional omission. To construe the term "issue" to mean "children," as contended, would directly contradict the testator's explicit declaration in Paragraph Seventh that "the term 'issue' shall refer to lineal descendants *of all degrees,*

Judgment reversed and remanded for further proceedings consistent with the views herein.

Elkington, J., and Holmdahl, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 20, 1984.

---

. . ." (Italics added.) The plain meaning of the words used clearly indicate that the alternate bequest became operative only if *none* of decedent's lineal descendants survived her, including children *and* grandchildren. Thus, grandchildren as a class remained unprovided for in the will. The trial court's resort to extrinsic evidence to explain the unambiguous and clearly defined term "issue" as used in Paragraph Fourth, subdivision (2) was improper, and its determination based upon such incompetent evidence is not binding on appeal. (*Estate of Russell, supra,* 69 Cal.2d at p. 213.)