[No. B160835. Second Dist., Div. Four. Mar. 21, 2003.]

ESTATE OF PAUL RANDALL MOWRY, JR., Deceased.
TONI MOWRY MACDONALD, Petitioner and Appellant, v.
JOE ALLEN MOWRY, as Executor, etc., Objector and Respondent.

## COUNSEL

John M. Woodburn for Petitioner and Appellant.

Glantz, Nielsen, Gillin & Scott, Jack C. Glantz; Fuller & Fuller and Bruce Fuller for Objector and Respondent.

## OPINION

**HASTINGS, J.**—Toni Mowry MacDonald, the adopted daughter of decedent Paul Randall Mowry, Jr., was omitted from his holographic will.

Pursuant to Probate Code section 11700,[1] she filed a petition to determine entitlement to distribution of decedent's estate as an omitted heir. Because appellant was adopted before the holographic will was executed, the trial court concluded she was not an omitted heir as described within section 21620. We agree and affirm the order of the probate court.

## FACTS

The facts are not in dispute. Appellant was adopted by decedent, Paul Mowry, Jr., in 1974. Appellant's mother, Joanna Ruth Mowry, was married to decedent at the time. Decedent subsequently married Mildren Mowry, who passed away in 1989 leaving no issue.

On December 7, 1990, decedent executed a handwritten will. The entire testamentary portion of the will states: "I Paul Randall Mowry Jr. declare this to be my last will and testament, revoking all former wills and codicils. [¶] I hereby give all my estate real and personal to my brother, Joe Allen Mowry. [¶] I hereby appoint my brother Joe Allen Mowry to be the executor of my estate. No bond shall be required of my executor."

Decedent died on September 25, 2000. His brother, respondent, petitioned for probate of the will. An attachment to the petition noted that decedent was survived by respondent, appellant, and a sister, Carolyn Sammons. Respondent was appointed executor of decedent's will and was granted full authority to administer decedent's estate. Respondent subsequently filed a first and final report of executor, and petitioned for final distribution of his brother's estate.

Before the hearing scheduled for the first and final report and petition for distribution, appellant filed her petition to determine entitlement to distribution. Her petition established that she was decedent's only child and that decedent had failed to provide for her in his will or in any other testamentary instrument. She filed a declaration in support of her petition stating that her omission from her father's will must have been unintentional given their close relationship from the time decedent married appellant's mother up to his death.

Appellant's petition was denied for the reason previously stated and a formal order was signed to that effect. The court granted respondent's petition for final distribution of decedent's estate. A timely appeal was noticed.

---

[1]Probate Code section 11700 authorizes one claiming to be entitled to distribution of a share of a probate estate to petition for a judicial determination of the persons entitled to distribution of the estate. All further statutory references will be to the Probate Code.

## DISCUSSION

■ Because the facts in this case are not disputed, we review this matter de novo. (*Harustak v. Wilkins* (2000) 84 Cal.App.4th 208, 212 [100 Cal.Rptr.2d 718].)

■ The probate court relied upon section 21620 in denying appellant's petition. That section states: "Except as provided in Section 21621, if a decedent fails to provide in a testamentary instrument for a child of decedent born or adopted *after* the execution of all of the decedent's testamentary instruments, the omitted child shall receive a share in the decedent's estate equal in value to that which the child would have received if the decedent had died without having executed any testamentary instrument." (Italics added.)

Recognizing that this section, by itself, precludes a determination that she is an omitted heir, appellant argues that section 21620 must be read in conjunction with section 21621, subdivision (a), which states: "A child shall not receive a share of the estate under Section 21620 if any of the following is established: [¶] (a) The decedent's failure to provide for the child in the decedent's testamentary instruments was intentional and that intention appears from the testamentary instruments."

Citing to *Estate of Torregano* (1960) 54 Cal.2d 234, 248 [5 Cal.Rptr. 137, 352 P.2d 505, 88 A.L.R.2d 597], and *Smith v. Crook* (1984) 160 Cal.App.3d 245, 249 [206 Cal.Rptr. 524], appellant points to the prior public policy against unintentional omission of a child from a parent's will. Relying on this policy, appellant urges that the only way subdivision (a) of section 21621 makes sense in the context of section 21620 is to apply section 21620 to children, like her, who are living at the time the testator executes his will. We cannot agree.

Because section 21621 follows directly after section 21620, and is referenced within that section, it is manifest that section 21621 is meant to apply only when section 21620 is applicable: where a child is born or adopted *after* execution of the testamentary document.

Appellant's reliance on the long-standing policy of this state to protect omitted heirs is misplaced. That policy was recognized in connection with prior section 90 and was legislatively repealed by enactment of sections 6570 and 6571. Those sections were themselves repealed in 1997 and replaced by sections 21620 and 21621, respectively. Except for the section numbers referenced in the statutes, the language of the two statutes remains

the same. This change in policy was discussed in *Estate of Della Sala* (1999) 73 Cal.App.4th 463 [86 Cal.Rptr.2d 569] (*Della Sala*).

*Della Sala* dealt with an heir who claimed to qualify as an omitted heir under section 6572, now section 21622. That section provided: " 'If at the time of execution of the will the testator fails to provide in the will for a living child solely because the testator believes the child to be dead or is unaware of the birth of the child, the child shall receive a share in the estate equal in value to that which the child would have received if the testator had died intestate.' " (*Della Sala, supra,* 73 Cal.App.4th at p. 467.) The petitioner in *Della Sala* contended that his father believed he was deceased when his father's will was executed. The trial court ruled that he had failed to prove his case and denied his petition. On appeal, as here, the son cited and relied upon authorities predating enactment of sections 6570 and 6572. The Court of Appeal explained the change in public policy effected by the Legislature:

"It has been declared both legislatively and judicially that the paramount concern in the construction of wills is to ascertain and give effect to the intent of the testator, as far as possible. [Citations.] Although testamentary intent is not always easy to ascertain [citation], there is a strong assumption that a parent would not wish to inadvertently or mistakenly disinherit his or her progeny. [Citation.] In our omitted children statutes, the Legislature has attempted to balance the possibility of inadvertent disinheritance against the freedom of testamentary disposition of property with respect to the paramount concern of carrying out the testator's intent.

"Most of the authorities upon which petitioner relies involved the former omitted child statute, section 90, which was enacted upon codification of the Probate Code in 1931. [Citation.] Former section 90 provided: 'When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless is appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate.'

"This broadly worded statute made no distinction between children with respect to their time of birth or the testator's awareness of their existence, and required affirmative indications in the will of an intent to disinherit.

"Over the years, section 90 provided difficult and inconsistent in application and came under criticism. In 1943, Professor Evans, who served as a

draftsman for the Probate Code, asserted that the statute did at least as much harm as good and suggested that, if the statute serves to frustrate the testator's wishes, it should be repealed. [Citation.] Similar criticism was iterated in Niles, *Probate Reform in California* (1979) 31 Hastings L.J. 185, 197, in suggesting that a statutory scheme based upon Uniform Probate Code section 2-302, which distinguishes between after born or adopted children and children living when a will is executed, would be preferable.

"The Legislature took notice of these criticisms and enacted sections 6570 to 6572, which are based upon Uniform Probate Code section 2-302. With respect to the statutory treatment of a living child under section 6572, the Law Revision Commission explained: 'When the omission is not based upon such a mistaken belief, it is more likely than not that the omission was intentional.' [Citation.]

"Petitioner nonetheless would have us return to the standard applicable under former section 90, by requiring a proponent of the will to prove that, at the time of executing his will, the testator had his living child in mind and intentionally disinherited him. [Citation.] This we may not do. We must presume that, by repealing section 90 and replacing it with the current statutory scheme, the Legislature intended to change the law. [Citations.] The legislative history we have recounted confirms an intent to change the law." (*Della Sala, supra,* 73 Cal.App.4th at pp. 468-469, fns. omitted.)

Accordingly, a child living at the time of a parent's execution of his or her will has the burden of proof regarding the parent's intent in omitting the child from the will. (*Della Sala, supra,* 73 Cal.App.4th at p. 467.) Appellant failed to do so here, instead relying on the former presumption created by section 90.

Citing *Estate of Katleman* (1993) 13 Cal.App.4th 51 [16 Cal.Rptr.2d 468], appellant urges that the former presumption against unintentional omission of children remains. That case concerned an omitted spouse claim made by decedent's wife. A year after decedent divorced her, he executed a will with a no-contest clause, that is, a provision disinheriting anyone who contested the will. Four years later, decedent *remarried* his wife. (*Id.* at pp. 56-57.) Quoting *Estate of Torregano, Katleman* stated that the policy underlying pretermission statutes "guards against the omission of surviving spouses and children by reason of oversight, accident, mistake, or unexpected change of condition." (*Id.* at p. 65.) This general statement is correct, but it was applied in *Katleman* because the will at issue was drafted before Katleman's remarriage to his wife. The Court of Appeal explained: "[A] testator's intention to disinherit his 'heirs' or 'legal heirs' is determined as of the date of execution

of the will. A person who was not then an heir or legal heir, and whose subsequent relationship was not yet known or contemplated, could not then have been considered by the testator to be such." (*Estate of Katleman, supra*, 13 Cal.App.4th at p. 60.) This is consistent with our current statutes involving omitted children who are born or adopted *after* execution of the testamentary document.

Because appellant was adopted before execution of decedent's will, and failed to prove mistaken omission, she does not qualify for treatment as an omitted heir.

## DISPOSITION

The order is affirmed. Costs on appeal are awarded to respondent.

Epstein, Acting P. J., and Curry, J., concurred.

A petition for a rehearing was denied April 9, 2003, and appellant's petition for review by the Supreme Court was denied June 11, 2003.