Filed 8/21/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| Estate of Benjamin C. Williams, Deceased. | D083713 |
| CARLA MONTGOMERY, Petitioner and Appellant, v. BENITA WILLIAMS, Respondent. | (Super. Ct. No. TRUPS2000072) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Douglas K. Mann, Judge. Affirmed.

Law Office of Jay S. Belshaw and Jay S. Belshaw for Petitioner and Appellant.

The Horspool Law Group and J. David Horspool for Respondent.

Under Probate Code section 21622, Carla Montgomery petitioned to receive a share of her father Benjamin C. Williams' trust estate as an omitted child alive at the time he executed his trust documents. Carla appeals the trial court's denial of her petition, arguing it misapplied section 21622. Applying the reasoning of *Rallo v. O'Brian* (2020) 52 Cal.App.5th 997 (*Rallo*), we conclude Carla failed to carry her burden of showing the *sole* reason she

was omitted was because Benjamin was unaware of her birth. (*Rallo*, at p. 1011; § 21622.) Benjamin's omission of four known pretermitted children and his naming as beneficiaries only the two children resulting from his marriage shows his intent that only those two children should receive a share of his estate. We thus affirm.

## I.

Annie Elliott gave birth to Carla following a brief relationship with Benjamin in the 1960s. Benjamin moved to California shortly after Carla's conception.

In total, Benjamin fathered seven children. He fathered five, including Carla, before moving to California. He was aware of the existence of all but Carla. After moving to California, he got married and fathered his youngest two children.

Benjamin executed a declaration of trust in 1999. The only named beneficiaries were "[his] children, Benita Ligia Williams and Benjamin S. Williams." (Capitalization omitted.) The trust instrument contained no general disinheritance clause.

After a DNA match, Carla's daughter Niyah Montgomery contacted Benita on a genealogy website. Benita and Niyah arranged a "family get together" in September 2019, where Carla met several half-siblings and learned of Benjamin's recent passing.

In December 2019, Carla received notice from the trustee of the existence and administration of Benjamin's trust. She petitioned to receive a share of the estate under section 21622.

During a one-day trial, the court admitted evidence and heard testimony from Annie, Carla, Niyah, and Benita. After Carla rested, Benita moved for nonsuit. Benita contended Carla failed to prove the "sole reason"

2

she was not provided for in the declaration of trust was Benjamin's unawareness of her birth. Citing *Rallo*, Benita argued Benjamin's failure to provide for other known heirs showed his intent to only provide for the two he expressly named in the declaration of trust as his children and beneficiaries.

In a minute order, the trial court agreed with Benita and granted the motion for nonsuit. Finding the testimony of Annie and Carla credible, the court found that Benjamin was Carla's father and was unaware of her birth at the time he executed the trust instrument. However, it concluded Carla failed to show Benjamin did not provide for her "solely because he was unaware of her birth." Specifically, the court found credible Benita's testimony that Benjamin was aware of, yet failed to provide for, his four other known children. It accordingly found Benjamin's intent was "to provide only for [Benita] and her brother in his Trust." The court thus denied Carla's petition and entered judgment against her.

## II.

Carla contends the trial court erred in interpreting section 21622. That section provides: "If, at the time of the execution of all of decedent's testamentary instruments effective at the time of decedent's death, the decedent failed to provide for a living child solely because the decedent . . . was unaware of the birth of the child, the child shall receive a share in the estate." (§ 21622.) As the trust instrument in *Rallo*, unlike Benjamin's, had a general disinheritance clause, Carla contends the trial court erred by relying on *Rallo* in deciding whether Benjamin "solely" failed to provide for her because he was unaware of her birth when he executed his declaration of trust.

We review Carla's claim, implicating issues of statutory and testamentary interpretation on undisputed facts, de novo. (*Harustak v.*

3

*Wilkins* (2000) 84 Cal.App.4th 208, 212; *Burch v. George* (1994) 7 Cal.4th 246, 254.) "[T]he paramount concern in the construction of [a testamentary instrument] is to ascertain and give effect to the intent of the testator." (*Estate of Della Sala* (1999) 73 Cal.App.4th 463, 468 (*Della Sala*).) Carla bears the burden of proving Benjamin's intent in omitting her from the declaration of trust. (*Estate of Mowry* (2003) 107 Cal.App.4th 338, 343.)

We agree with *Rallo*'s interpretation of section 21622 given the provision's legislative history. As *Rallo* noted, former section 90 presumed *all* omitted children, whether pretermitted or born after execution of a testamentary instrument, were entitled to a share of the estate absent the instrument evincing the contrary. (*Rallo, supra,* 52 Cal.App.5th at p. 1006.) However, *Rallo* recognized the Legislature repealed section 90 and replaced it with the predecessors to sections 21620 through 21622, which distinguished between children born before and after the execution of the testamentary instrument. (*Id.* at pp. 1006-1007.) "We must presume that, by repealing section 90 and replacing it with the current statutory scheme, the Legislature intended to change the law." (*Della Sala, supra,* 73 Cal.App.4th at p. 469.)

Under current law, an after-born child omitted from a testamentary instrument is still presumed to have been omitted inadvertently and to be entitled to a share of the estate. (§ 21620.) That presumption is only overcome if an intent to omit the child is apparent in the testamentary instrument, the testator devised substantially all the estate to the omitted child's other parent, or evidence establishes the testator made a gift to the child outside the estate in lieu of a testamentary devise. (§ 21621.)

Meanwhile, current law now presumes a child born before execution of the relevant testamentary instrument was intentionally omitted. (§ 21622.)

4

*Rallo*, contrasting these provisions, concluded a preexisting child's recovery is conditional upon the child showing (1) the testator's unawareness of the child's birth, and (2) that the child was not provided for "*solely* because of that lack of awareness." (*Rallo, supra,* 52 Cal.App.5th at p. 1009.) *Rallo* interpreted the second condition as "unambiguously carv[ing] out a distribution right for unknown children *only if* they can prove the *only reason* the decedent did not provide for them was because [the decedent] did not know they existed." (*Id.* at p. 1011.) "Stated another way, to recover under section 21622, the omitted child must show the decedent would have provided for the child but for the fact that the decedent was unaware of the child's existence." (*Ibid.*) Applying this interpretation, *Rallo* concluded a general disinheritance clause proves a testator's "intent to exclude potential children, even those whose identities are unknown," such that the testator "did *not* fail to provide for an unknown child *solely* because [the testator] was unaware of the child's birth." (*Id.* at p. 1010.)

Carla claims *Rallo* is inapplicable, as Benjamin's declaration of trust contains no general disinheritance clause. She thus claims the trial court erred in applying *Rallo*'s "additional element"—"that a claimant under Probate Code [section] 21622 must also prove that they would have been included in the testamentary instrument if the decedent was aware of the claimant's existence"—to her petition.

We reject Carla's premise. *Rallo* does not create an "additional element," but rather states the only logical interpretation of section 21622's "solely because of" condition. Any less stringent reading would not establish the *only* reason a child was omitted was the parent's unawareness of the child's birth. While *Rallo* applied its interpretation in the context of a general disinheritance clause, it expressly acknowledged "there could be any

5

number of ways a decedent could decide not to provide for unknown heirs." (*Rallo*, *supra,* 52 Cal.App.5th at p. 1009.)  We thus agree with Benita "that a disinheritance clause as discussed in *Rallo* is but one method of demonstrating" the testator's intent.  Accordingly, *Rallo*'s "principles regarding the applicability of" section 21622 "also apply to the instant case."

Applying those principles, on this record we further agree with Benita that Carla cannot satisfy her burden of showing Benjamin *solely* failed to provide for her because she was unknown to him.  This case represents yet another "way[ ] a decedent could decide not to provide for unknown heirs." (*Rallo*, *supra,* 52 Cal.App.5th at p. 1009.)  Benjamin's failure to leave anything to the four known children predating the birth of his two children by the woman he married evinces an intent to provide only for those two children as the named beneficiaries.  While Carla claims it is "substantially likely" Benjamin, an accomplished educator like herself, would have provided for her if known to him, "substantially likely" is not the relevant standard. Carla's inference cannot defeat the presumption that Benjamin intended only to provide for his two named children and omit all preexisting ones, known or unknown.  Accordingly, the trial court correctly decided Carla failed to meet her burden and denied her petition.

## III.

We affirm the judgment and award Benita her costs on appeal.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

IRION, J.

6